[S. F. No. 27.   Department One.—November 13, 1895.]

# THE HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, *v.* ALFRED CLARKE, et al., Appellants.

Summons— Service by Person Other than Sheriff— Constitutional Law.—Section 410 of the Code of Civil Procedure, which authorizes service of summons by a person other than the sheriff, is not in conflict with the general law in regard to the service of process and notices by the sheriff, and is not in violation of section 25 of article IV of the constitution.

Id.—Duty of Sheriff.—The code provision defining the duties of a sheriff does not give to or impose upon him exclusively the duty of serving all process and notices, but merely requires of him to serve all notices and process directed to him or placed in his hands for service.

Id.—Repeal of Code—County Government Act—Re-enactment.—Section 410 of the Code of Civil Procedure was not repealed by the County Government Act, but was amended and re-enacted in 1893.

Id.—Filing of Affidavit of Service.—Where a summons is returned to the office of the clerk with an affidavit of its service attached or annexed thereto, the filing of the summons is sufficient, and it is not necessary that there be a separate filing of the affidavit.

Id.—Default—Waiver of Findings.—Defendants who make default and fail to appear at the trial waive findings.

Id.—Sufficiency of Findings — Recitals in Decree. — Recitals in the decree may constitute sufficient findings where findings are required.

Foreclosure of Mortgage—Cross-complaint—Service upon Defaulting Defendants.—In an action to foreclose a mortgage, where the mortgagor and his wife, who is alleged to have or claim some interest in the mortgaged property, made default, cross-complaints by subsequent lienholders must be served upon the defaulting defendants, and, without such service, the court has no power or authority to grant to the cross-complainants any affirmative relief.

Id.—Obligations of Husband—Erroneous Judgment against Wife.—Where the note and mortgage which were the basis of the action were executed only by a husband, and a judgment lien pleaded by a cross-complainant was against the husband only, it is error for the court to adjudge that the plaintiff and the cross-complainant respectively recover from both husband and wife the amount of their respective claims.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. WALTER LEVY, Judge.

The facts are stated in the opinion.

*Alfred Clarke*, for Appellants.

Summons should be served by the sheriff. (Pol. Code, sec. 4175; County Government Act of 1883, 1891, 1893, sec. 92; *Lazzarone* v. *Oishei*, 21 N. Y. Supp. 272; *Moffitt* v. *McGrath*, 25 Or. 478; Const., art. IV, sec. 25.) The affidavits of service of summons should have been filed. They are improperly in the judgment-roll, and they cannot take effect until filed. (*Connolly* v. *Ashworth*, 98 Cal. 205–364; *Smith* v. *County of Los Angeles*, 99 Cal. 628; *Sutton* v. *Symons*, 100 Cal. 576.)

*Tobin & Tobin*, for Respondent.

BELCHER, C.—The plaintiff brought this action to foreclose a mortgage executed by the defendant Alfred Clarke to secure payment of his promissory note for $10,200, dated January 11, 1889, and payable to plaintiff, or order, one year after date, with interest.

Johanna F. Clarke and several other persons were made parties defendant, upon the ground that they had or claimed interests in, or liens upon, the mortgaged premises, which interests or liens were alleged to be subsequent and subject to the lien of said mortgage. The defendants Alfred Clarke and Johanna F. Clarke did not appear, and their defaults were entered.

The defendant Samuel G. Murphy answered and filed a cross-complaint, setting up that he held a deed of a part of the said mortgaged premises, and of other land, which was executed to him in June, 1891, by the defendants Clarke, and which was absolute in form, but was intended as a mortgage to secure payment of two promissory notes, made by defendant Alfred Clarke, for $3,000 each, with interest, and praying that the said

deed be adjudged to be a mortgage to secure payment of said notes, etc.

The defendant the Gray Brothers Artificial Stone Paving Company answered, setting up that it had recovered a judgment in the superior court, in and for the city and county of San Francisco, against the defendant Alfred Clarke, for the sum of $986, and $93.30 costs of suit, which judgment was still in full force and effect, and was a lien on the mortgaged premises superior to the plaintiff's mortgage and the claim of defendant Murphy.

The defendant E. J. Wilson answered, setting up that he held a grant, bargain, and sale deed of a part of the said mortgaged premises, and of other lands, which was executed to him in September, 1891, by defendant Alfred Clarke, in trust to secure payment of a promissory note for $12,000 and interest, made by said Clarke, on which there was still due and unpaid the sum of $10,450, with a prayer for proper relief.

The cause came on regularly for trial on August 29, 1894, upon the pleadings of the respective parties, and a decree of foreclosure was entered on November 17, 1894.

The decree recites that "findings having been duly waived herein, and the court having heard the proofs of the respective parties and the evidence produced in support thereof, and having considered the same, and it appearing to the satisfaction of the court": 1. That the defendants Alfred Clarke and Johanna F. Clarke were duly served with summons, together with a copy of the complaint, and that the defaults of said defendants for not appearing and answering were duly entered on August 11, 1894; 2. That the separate answer and cross-complaint of the defendant Samuel G. Murphy was duly and personally served upon the defendants Alfred Clarke and Johanna F. Clarke; 3. That there is due and owing to the plaintiff from the defendants Alfred Clarke and Johanna F. Clarke, upon the note and mortgage mentioned and set forth in the complaint, the

sum of $11,426.43; that all the allegations of the complaint are true; and that $350 is a reasonable amount to be allowed plaintiff as counsel fee in the action; 4. That there is now due and owing the defendant Murphy, upon the notes mentioned and set forth in his answer and cross-complaint, the sum of $7,280; and that the deed therein set forth was intended as a mortgage to secure the payment of the moneys due and to grow due upon said notes; 5. That there is now due and owing to the defendant the Gray Brothers Artificial Stone Paving Company, under a judgment set forth in its answer, the sum of $986 principal, $120.75 interest, and $13 costs; 6. That there is due and owing upon the note set out in the answer of E. J. Wilson, secured by a trust deed to said Wilson, described in his answer, a certain sum in United States gold coin, the amount of which is to be subsequently determined by the court in case any money shall remain applicable to said trust after satisfying the prior liens of the plaintiff and said Murphy.

It is then adjudged that the plaintiff recover from the defendants Alfred Clarke and Johanna F. Clarke the sum of $11,426, with legal interest and counsel fees as aforesaid; that the defendant Murphy recover from the defendant Alfred Clarke the sum of $7,280 with interest; that the defendant the Gray Brothers Artificial Stone Paving Company recover from the defendants Alfred Clarke and Johanna F. Clarke the sum of $1,106.75, with interest, and $13 costs; that the defendant E. J. Wilson is entitled to recover, as trustee, from the defendant Alfred Clarke, under the note and trust deed set forth in his answer, the amount due, etc.; and that all of the real property described in the complaint of plaintiff, and in the answer and cross-complaint of defendant Murphy, be sold as by law provided, and the proceeds of the sales applied in a manner specified.

In January, 1895, in pursuance of previous notice, the defendants Clarke moved the court to vacate and set aside the judgment and decree entered in the action,

upon the grounds: That no summons was served on either
of said defendants by any person authorized or qualified
to serve the same, and there was no appearance by either
of them, and hence the court never acquired jurisdiction
of their persons; that no findings were filed, and find-
ings were not waived by said defendants, or either of
them; that the pleading of the defendant the Gray
Brothers Artificial Stone Paving Company and the
pleading of the defendant E. J. Wilson were not served
on said defendants, or either of them, and the trial was
had in the absence of, and without notice to, said de-
fendants.

The motion was made upon the judgment-roll, and
the affidavits served and filed with the notice.    The
court denied the motion, and the defendants Clarke
appeal from the order denying the same, and from the
judgment and decree of foreclosure.

1. The affidavit of service shows a sufficient service
of the summons, if such service could be made by a
person other than the sheriff, as provided by section
410 of the Code of Civil Procedure.    It is objected, how-
ever, that under the general law declared in section
4176 of the Political Code, and in the County Govern-
ment act, " the sheriff must . . . . serve all process and
notices in the manner prescribed by law," and that serv-
ice can be made by no other person; that section 410
of the Code of Civil Procedure, in so far as it authorizes
service by a person other than the sheriff, is a special
law, in conflict with the general law, and the passage of
which was inhibited by section 25 of article IV of the
constitution, and hence the attempted service thereun-
der on appellants was insufficient to give the court juris-
diction of their persons.

Without following the very elaborate argument of
counsel on this point, it is enough to say that the same
point was made in reference to the service of an injunc-
tion, and held untenable, in *Golden Gate etc. Co.* v.
*Superior Court,* 65 Cal. 190.    In that case the court, re-
ferring to the language above quoted from the Political

Code, said: "The section is found in the chapter defining the duties of sheriff, and does not give to, or impose upon, him exclusively the duty of serving all process and notices, but requires of him to serve all process and notices directed to him, or placed in his hands for service, which the law commands him to serve when addressed or handed to him."

Section 410 of the Code of Civil Procedure was not repealed by the County Government Act, as claimed, but was amended and re-enacted in 1893. (Stats. 1893, p. 207.)

It is further objected that the affidavit of service was never filed, and that it was improperly included in the judgment-roll. But the statute did not require the affidavit to be filed. It required only that the summons be returned to the office of the clerk from which it issued, with an affidavit of its service. (Code Civ. Proc., sec. 410.) The summons was returned and filed, and the affidavit, as it states, was "annexed" thereto. This was sufficient.

2. The objection that no findings were filed and that findings were not waived by appellants is clearly untenable. When they suffered their defaults to be entered and failed to appear at the trial they waived findings. (Code Civ. Proc., sec. 634.) Besides, the recitals in the decree constitute sufficient findings, if findings were required.

3. The objection to the judgment and decree, in so far as it is in favor of the Gray Brothers Artificial Stone Paving Company and of E. J. Wilson, must be sustained. The court found that the answer and cross-complaint of Murphy was served on appellants, but there is no finding, and nothing in the record to show, that the pleadings of the paving company and Wilson were ever so served. And the uncontradicted affidavits of appellants, which were filed and used on the hearing of their motion, state positively that the said pleadings were not served on either of them. But without such service the court had no power or authority to grant the

said cross-complainants any affirmative relief. (*Hibernia etc. Soc.* v. *Fella*, 54 Cal. 598.)

4. The note and mortgage which were the basis of plaintiff's action were executed only by Alfred Clarke. It was clearly error, therefore, for the court to find that there was due and owing to the plaintiff "from the defendants Alfred Clarke and Johanna F. Clarke," upon the said note and mortgage, the sum stated, and to adjudge that plaintiff "recover from the defendants Alfred Clarke and Johanna F. Clarke" the said sum.

So the judgment pleaded by the Gray Brothers Artificial Stone Paving Company was against Alfred Clarke only, and it was error, therefore, for the court to adjudge that that company "recover from the defendants Alfred Clarke and Johanna F. Clarke" the amount of said judgment.

For the errors above noted the judgment and decree should be reversed and the cause remanded for further proceedings.

HAYNES, C., and BRITT, C., concurred.

For the reasons given in the foregoing opinion the judgment and decree are reversed and the cause remanded for further proceedings.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.