[L. A. No. 668.  Department One.—May 31, 1900.]

P. F. READY, Respondent, v. JOHN M'DONALD, Appellant.

ACCOUNT STATED THROWN INTO NEW ACCOUNT—STATUTE OF LIMITATIONS.— If the balance shown to be due upon an account stated is unpaid, and is afterward thrown into a new account, it is thereby taken out of the operation of the statute of limitations.

ID.—PLEADING—FIRST AND SECOND ACCOUNTS STATED—DEMURRER.— Where a complaint shows a first account stated, which, if standing alone, appears to be barred by the statute of limitations, but which is evidently intended by the pleader to be an introductory statement to a cause of action upon a second account stated, which is not barred by the statute, and in which the first account stated is included as an item, and the prayer of the complaint is for judgment upon the second account stated, and not upon the first, a demurrer to the first account stated is properly overruled.

ID.—FINDING AGAINST STATUTE OF LIMITATIONS.—A finding that the second account stated included the amount due in the first account stated is a sufficient finding that the action was not barred by the statute of limitations.

ID.—SUFFICIENCY OF FINDINGS.—It is not necessary that the facts found should be in any particular form, or follow the pleadings; but the law is complied with if the truth or falsity of each material allegation in issue can be demonstrated from the findings.

APPEAL from a judgment of the Superior Court of San Luis Obispo County and from an order denying a new trial. E. P. Unangst, Judge.

The facts are stated in the opinion.

Graves & Graves, for Appellant.

W. H. Spencer, for Respondent.

COOPER, C.—Appeal from judgment and order denying new trial. The appellant urges two assignments of error: 1. That the court should have sustained the demurrer to the first cause of action set forth in the complaint; and 2. That the court failed to find on the plea of the statute of limitations. The complaint contains what purports to be three causes of action: 1. A balance due upon a stated account of May 2, 1895, for the sum of two hundred and thirty-seven dollars and fifteen cents; 2. A balance due upon a stated account of January 2, 1897, for the sum of three hundred and twenty-six dollars and twenty-five cents; 3. For twenty-six dollars and twenty-seven cents for labor performed by plaintiff for defendant between January 2, and September 1, 1897.

If the first alleged cause of action were standing alone, it would appear upon its face to be barred by the statute of limitations, and the demurrer should have been sustained; but it was not intended by the pleader to be a cause of action, but a statement showing that the stated account of May 2, 1895, was carried into and became an item in the stated account of January 2, 1897. This is apparent by the way in which it is pleaded, and by the prayer of the complaint which is for the amount of the second and third causes of action, three hundred and fifty-two dollars and seventy-nine cents. The judgment was only for the amount named in the last two causes of action. The pleading is not a model, but when liberally viewed, with the intent to arrive at the intention of the pleader, it stated only two causes of action, and the demurrer was properly overruled. The item of two hundred and thirty-seven dollars and fifteen cents in the first account was not barred by the statute on January 2, 1897, and, therefore, properly became a part of the second account stated. The amount being due on the last-named date, and not barred by the statute, could be included in the last account stated in precisely the same manner as any other indebtedness. As said by Chief Justice North in an early

case (*Farrington v. Lee,* 1 Mod. 270): "If, after an account stated, upon a balance of it a sum appear due to either of the parties, which sum is not paid, but is afterward thrown into a new account, it is now slipped out of the statute again." (See *Auzerais v. Naglee,* 74 Cal. 68; Angell on Limitations, sec. 151.)

The court did not find in direct language that the action was not barred by the statute, but it found facts which show that it was not so barred. It found that on January 1, 1897, there was an account stated in which was included the amount due in the account stated May 2, 1895. It was not necessary that the facts as found should be in any particular form or follow the pleadings. If the truth or falsity of each material allegation in issue can be demonstrated from the findings, the law is complied with. (*Clary v. Hazlitt,* 67 Cal. 289; *Alhambra etc. Water Co. v. Richardson,* 72 Cal. 601.)

We advise that the judgment and order be affirmed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., McFarland, J.