[Civ. No. 3747. Second Appellate District, Division One.—December 5, 1921.]

C. F. BERRY et al., Appellants, v. GEORGE W. CROWELL et al., Respondents.

[1] FINDINGS—MATERIAL ISSUES—CONSTRUCTION.—If sufficient can be gathered from the whole of the findings that material issues are fairly determined, the finding will support the judgment.

[2] ACTION FOR RESCISSION—CONTRACT OF EXCHANGE — PLEADING— AMENDMENT OF PRAYER OF COMPLAINT.—In an action for rescission of a contract for an exchange of real properties, it was not error to refuse to allow an amendment of the prayer of the complaint by adding a demand that defendants be declared to be involuntary trustees, where such amendment would have not helped the plaintiff's case because by reason of the facts found they would not have been entitled to any different judgment from that which was entered.

[3] JUDGMENT—VACATION OF DEFAULT—POWER OF COURT ON OWN MO-
TION.—A court may of its own motion and without notice to any-
one expunge a default entry made by the clerk which is void from
an inspection of the record, and the fact that it acts upon sug-
gestion of defendant's counsel does not affect its power.

APPEAL from a judgment of the Superior Court of
Riverside County.   Hugh H. Craig and George H. Cabaniss,
Judges.   Affirmed.

The facts are stated in the opinion of the court.

D. B. Chapin for Appellants.

Miguel Estudillo for Respondents.

JAMES, J.—Plaintiffs appeal from an adverse judgment.
The appeal is presented by the alternative method.   The
questions argued relate to orders of the trial judge vacating
certain default entries made by the clerk of the court; it is
also contended that neither the findings nor the pleadings
sustain the judgment and that prejudicial error was com-
mitted by the court in denying a motion to allow plaintiffs
to amend their complaint at the trial.

The controversy arose as a result of an exchange of real
properties which was had between parties to the action.
Plaintiffs were the owners of eighty acres of land in the
state of Texas.   Defendants were the owners of a lot in the
city of Riverside, California.   Plaintiff C. F. Berry was,
at the time of the transaction, a resident of the city of
Riverside.   W. E. Berry, a son, was part owner in the Texas
land, and he resided outside of the state of California.   The
entire transaction, in so far as the plaintiffs were concerned,
appears to have been conducted by C. F. Berry.   The com-
plaint in this action stated a cause of action to rescind
the contract of exchange upon the ground of alleged fraudu-
lent representations made by defendant George W. Crowell
respecting the value of the Riverside property.   It was al-
leged that C. F. Berry was a farmer by occupation and
was ignorant of the values of property in the city of River-
side, and that he was "easily led, imposed upon, circum-

3.   Entry of default judgment by clerk without required order of
court as void or voidable, note, 16 Ann. Cas. 1211.

vented, and overcome by cunning, artifice, and undue influence''; it was alleged that George W. Crowell falsely and fraudulently represented that his property in the city of Riverside was of the value of $6,000 and that ''plaintiff could rely absolutely upon defendant's statement as to said value because defendant was well posted as to property values in said city and that it was not necessary for the plaintiff or his son to make any investigation for themselves''; it was alleged that in fact the Riverside property was not worth in excess of the sum of $3,250, all of which the defendant George W. Crowell well knew at the time he made the aforesaid representations. Preliminarily, the plaintiffs alleged that both Crowell and C. F. Berry were members of a religious organization and that defendant George W. Crowell was an elder of the church. The second allegation contained in the complaint is as follows: ''That the office of elder, in said religious organization, is by said organization conferred only upon one whose Christianity is unquestioned, and whose integrity is unimpeachable, and according to the doctrine of said organization, the statements and representations of an elder in said organization are entitled to full faith and credit.'' Immediately following this allegation the complaint charges that Crowell ''in addition to the duties imposed upon him by said religious organization, also is, by profession, a trader in lands and property of all kinds, and is an artful and shrewd business man of large experience.'' There is the further allegation that Berry was induced to rely upon the statements of Crowell by reason of the fact that the men ''were brothers together, in said church.'' Defendants admitted that Crowell held the office in the church and that it was of the character alleged, but denied that the statements or representations of an elder in the organization were entitled to any more credit than that of other members. The answer in its further allegations, affirmative and of denial, tendered an issue as to all of the fraudulent acts alleged, and affirmed that no representations as to the value of defendants' land were made except that George W. Crowell stated that said land ''stood him'' about the sum of $5,660, and in this connection it was affirmed that such representation was true. The trial judge generally found the facts to be against the allegations of the complaint and the findings contained

the further recital that all of the allegations of defendants' answer were true "except as herein otherwise found." The allegations of denial contained in the answer and the findings of the court covering those matters are prolix; they lack clearness and are often conjunctive where the statements should be direct and separate. Plaintiffs' counsel complains of that condition and, because of it, makes an argument that the answer did not sufficiently tender an issue, and that the findings do not support the judgment. We have referred to the fact that, under the general finding of the court, all facts alleged in the answer not specifically referred to in those findings, are determined to be true. This general finding is sufficient to embrace that allegation contained in the answer setting forth, from the side of the defendants, just what representations were made, and all of them. Necessarily it would follow that, if the representations as alleged by the defendants only were made, and those representations were true, as found by the court, the allegations of the plaintiffs, as to other representations made and their alleged falsity, cannot be true. If the answer may be said to have tendered a single material issue, and we have no doubt that it did, a determination by the court of that issue adversely to the plaintiffs would defeat a recovery, irrespective of the fact that other issues may not have been clearly found upon, or the court had made unnecessary findings, or findings as to facts not in issue, or undenied. [1] If sufficient can be gathered from the whole of the findings of the court that material issues are fairly determined, the finding will support the judgment. "It was not necessary that the facts as found should be in any particular form or follow the pleadings. If the truth or falsity of each material allegation in issue can be demonstrated from the findings, the law is complied with." (*Ready* v. *McDonald,* 128 Cal. 663 [79 Am. St. Rep. 76, 61 Pac. 272]; *Millard* v. *Legion of Honor,* 81 Cal. 340 [22 Pac. 864].) So, also, where findings are seemingly contradictory. *American Nat. Bank* v. *Donnellan,* 170 Cal. 15 [Ann. Cas. 1917C, 744, 148 Pac. 188].)

[2] It was not error for the court to refuse to allow plaintiffs to amend the prayer of their complaint. This amendment proposed to add a demand that the defendants be declared to be involuntary trustees of the plaintiffs.

The amendment would not have helped plaintiffs' case at all (assuming that the prayer was not already sufficient to authorize such relief), because, by reason of the facts found, plaintiffs would not be entitled to have the court enter any different judgment than that which was entered. The answer did not admit the confidential relationship which plaintiffs alleged existed.

[3] The alleged errors pointed to by counsel for appellants, referring to orders made by the court setting aside defaults entered against the defendants by the clerk are entitled to but little consideration. The first default for want of an answer was set aside upon seasonable application being made and good cause shown. It has been held so often that the matter of setting aside defaults rests within the sound discretion of a trial judge, that we need not refer to the cases. The profession is well advised of the law in that regard. The second default entered against the defendants was entered by the clerk in the face of a plain record showing an answer on file. Plaintiffs complain that they were given no sufficient notice of the application to set aside this second default. Notice of that motion was served upon the plaintiffs; whether the time given was sufficient or not is utterly immaterial. The second default entry as made by the clerk was void, and its character in that regard appeared plainly by an inspection of the record. In such a case the court, of its own motion and without notice to anyone, might have caused it to be expunged. That it acted upon the suggestion of defendants' counsel does not affect its power in any respect. There are no other points suggested which require any consideration by the court.

The judgment is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 30, 1921, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 2, 1922.

All the Justices concurred.