[L. A. No. 6958. In Bank.—July 6, 1923.]

## REBECCA SHAINGOLD, Respondent, v. JACK SHAIN-GOLD, Appellant.

[1] DIVORCE—MAINTENANCE—FINDINGS.—In an action for maintenance brought by the wife in which the defendant filed a cross-complaint for divorce on the ground of cruelty, findings contained in the judgment itself may be sufficient; and in this action it is held that such finding construed with other findings in the case is sufficient to support the judgment denying the divorce.

[2] ID.—CONDONATION.—In such an action the judgment may be affirmed upon the ground of mutual condonation where a finding to this effect is not attacked, but where such finding is based on evidence that matrimonial intercourse continued until the filing of the cross-complaint, such evidence does not support the finding.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Summerfield, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. Lewis and Guy Lewis for Appellant.

Max Rapaport for Respondent.

WILBUR, C. J.—This is an action by a wife for separate maintenance, based upon allegations of cruelty and nonsupport. The husband filed a cross-complaint for divorce upon the ground of cruelty. The court denied both maintenance and divorce. The defendant appeals from the judgment, and respondent files no brief and makes no appearance in this court. Appellant's claim is that the court did not sufficiently find the facts as to his allegations of cruelty. The finding of the court was to the effect that it was not true that the matters complained of had caused the defendant grievous mental suffering or great mental anguish. Reference was made in the finding to the paragraph of the cross-complaint and its numerous subdivisions charging plaintiff with cruelty.

2. Questions relating to condonation of matrimonial offenses, notes, Ann. Cas. 1912C, 3; Ann. Cas. 1918A, 651; 14 A. L. R. 931; 6 B. R. C. 589.

Appellant relies upon the cases of *Smith* v. *Smith,* 62 Cal. 466, and *Franklin* v. *Franklin,* 140 Cal. 607 [74 Pac. 155], as authority to the effect that the finding in question is not sufficient because it leaves to inference the question of whether or not the cruelty complained of actually occurred. It is not, however, necessary to consider this question, because additional findings are included in the judgment denying a divorce, as follows: ''Now, therefore, said court, having duly considered the same, makes its findings of fact and decision as follows: The court finds that the evidence does not support the allegations of the complaint and the cross-complaint, therefore it is ordered, adjudged and decreed that the said plaintiff is not entitled to a divorce from the defendant, and a decree of divorce is denied.''

[1] Findings contained in the judgment itself are sufficient. (*Hopkins* v. *Warner,* 109 Cal. 133 [41 Pac. 868]; *Hibernia Sav. & Loan Soc.* v. *Clarke,* 110 Cal. 32 [42 Pac. 425]; *Locke* v. *Klunker,* 123 Cal. 231 [55 Pac. 993].) This finding contained in the judgment, construed with the other findings in the case, is sufficient to support the judgment denying divorce.

[2] There is another reason for affirming the judgment. The trial court found that there had been mutual condonation, and this finding is not attacked. We do not base our decision on this ground, however, although it is amply sufficient in the absence of an attack, because an examination of the record shows that this finding is based upon the testimony of both parties that matrimonial intercourse continued until the filing of the cross-complaint, and if this is the sole basis of the finding of condonation the evidence would not support the finding. (Civ. Code, sec. 118.)

Judgment affirmed.

Myers, J., Seawell, J., Lawlor, J., Waste, J., Kerrigan, J., and Richards, J., *pro tem.,* concurred.