[Civ. No. 7173. Second Appellate District, Division One.—April 21, 1932.]

J. S. DAVID, Respondent, v. ED MARK FROST et al., Appellants.

Porter C. Blackburn for Appellants.

Smith & Dunn for Respondent.

HOUSER, J.—The action upon which this appeal depends was brought for the purpose of recovering a judgment against the defendants for a deficiency which represented the difference between the face value of a promissory note which was secured by a deed of trust of certain real property and the price for which, under the provisions of said trust deed, the property was sold.

The principal defense to the action was that the interest provided by the terms of the promissory note, together with a bonus which was exacted from the maker of the note, constituted a charge for the use of the money which was lent that was greater than that permitted by the statute; in other words, the interest was usurious.

752

■ The answer to the primary question suggested by appellants of whether a bonus of $225 paid by defendants Frost to plaintiff's assignor for the making of a loan of $4,500 by the latter to the former should be taken into consideration in a determination of the ultimate question of whether the interest paid on such loan was usurious, is clearly indicated in the affirmative by the decision in the case of *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805]. (*Sharp* v. *Mortgage Sec. Corp. of America*, 215 Cal. 287 [9 Pac. (2d) 819].) But even taking into consideration the payment of said sum of $225, and after applying the same as so much interest either paid or agreed to be paid, together with the interest actually provided for by the terms of the promissory note, the total interest thus computed on such note does not exceed or equal the amount which legally might be charged. In order to make the interest usurious, a second alleged charge would have to be added to the payments made by defendants Frost to plaintiff's assignor. Since by a finding of fact made by the trial court it appears that no such charge was made, and since such finding of fact is supported by substantial evidence, it follows that the contention by appellants that the interest on the promissory note was usurious cannot be sustained.

■ The succeeding question presented by appellants in effect appears to be that, considering the conceded fact that the trustee's sale of the property described in the deed of trust was demanded and was brought about for the reason that a designated periodical payment of interest on the promissory note was in default—in the face of the doctrine announced in the cited authority to the effect that a bonus paid for the making of a loan should be regarded as so much advance interest paid, together with the fact that said bonus exceeded in amount the installment of interest which allegedly was in default—may it legally be declared that a condition had arisen which authorized the trustee to proceed with the sale and to sell the property held under the trust deed? But in the same authority, to wit, *Haines* v. *Commercial Mortgage Co.*, 200 Cal. 609, 625 [53 A. L. R. 725, 254 Pac. 956, 255 Pac. 805], in principle that question also is decided adversely to the contention of appellants.

■    Accompanied by both argument and authority, the point is urged by appellants that by each of several of the findings of fact made by the trial court a negative pregnant as to the actual facts is presented, with the result that a given finding of fact is contradictory of another specified finding—which presents the ultimate situation that the findings do not support the judgment, and that the judgment is therefore contrary to the law.

From an abstract standpoint it must be conceded that the position thus assumed is not without merit.    The criticism aimed by appellants at the particular findings in question depends principally upon a technical rule of construction.    For example, the language of each of several of the objectionable findings is to the effect that "all" the allegations contained within a specified paragraph of the answer of the defendants "are not true".    Although such a finding may constitute an implied admission that some of the allegations contained in a particular paragraph of the answer may be true, other findings of fact clearly establish the fact that the trial court had no such intention, and that therefore no such construction of the questioned finding may rightfully be maintained.    On examination of the findings of fact as a whole, the intention of the trial court is clearly discernible, with the necessary conclusion therefrom that in no circumstances, or under any conceivable conditions, could a finding or a set of findings of fact reasonably or at all be expected, or in fact be made, which would be otherwise than adverse and contrary to the facts alleged in defendants' pleadings; and which, if sustained, might constitute a defense to the action.    To the contrary, in all material respects findings of fact necessarily would be made which would sustain and support the theory of the case as outlined by the facts which appear in the pleadings in the action which were presented and filed by the plaintiff therein.    In such circumstances, as in principle is declared by numerous authorities, the contention of appellants may not prevail.    For example, in the case of *American National Bank* v. *Donnellan*, 170 Cal. 9, 15 [Ann. Cas. 1917C, 744, 148 Pac. 188, 190], where the Supreme Court of this state had under consideration the effect of alleged contradictory findings of fact, in part it was said:

"And next the contention is made that the findings themselves are in very vital respects contradictory and self-destructive. To both of these contentions, it may be answered, first, in general terms, that it is only when a judgment rests upon some particular finding for its validity and support that the lack of sufficient evidence to support such finding, or the contradictoriness between two findings, treating of the same essential matter, will necessitate a reversal of the case. Or, in other words, however unsupported, however lame, however inconclusive, any number of findings may be, if in any case there be one clear, sustained and sufficient finding upon which the judgment may rest, every presumption being in favor of the judgment, it will be here concluded that the court did rest its judgment upon that finding, or those findings, and the others may and will be disregarded."

And in *Berry* v. *Crowell*, 55 Cal. App. 534, 537 [203 Pac. 835, 836], the court said: ". . . If sufficient can be gathered from the whole of the findings of the court that material issues are fairly determined, the finding will support the judgment. . . ."

Likewise in *Ready* v. *McDonald*, 128 Cal. 663, 665 [79 Am. St. Rep. 76, 61 Pac. 272], the following language appears: ". . . It was not necessary that the facts as found should be in any particular form or follow the pleadings. If the truth or falsity of each material allegation in issue can be demonstrated from the findings, the law is complied with." (Citing authorities.)

Appellants further complain that the evidence was insufficient to support the findings; █ also that the trial court erred in refusing to permit in evidence certain proffered testimony which, if admitted, would have tended to show inadequacy of consideration in the price for which the property in question was sold at the trustee's sale.

The first of such objections depends solely on the weight which appellants claim should have attached to the declarations of certain witnesses, as against a like situation with reference to testimony given by other witnesses. In such conditions, the well-established rule is that the conclusion reached thereon by the trial court is conclusive and will not be disturbed by an appellate tribunal, excepting in most exceptional circumstances of which none are here present.

Regarding the remaining specification of error which, as hereinbefore outlined, related to the admissibility of evidence, it need be said only that no such issue was presented by either of the pleadings by the defendants. ▉ But, in addition thereto, "it is the settled rule in California that mere inadequacy of price, however gross, is not in itself sufficient ground for setting aside a trustee's sale legally made; . . ." (25 Cal. Jur., p. 90; 1928 Supp. to Cal. Jur. 1532, and authorities there respectively cited.)

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A' petition for a rehearing of this cause was denied by the District Court of Appeal on May 18, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 20, 1932.