[Civ. No. 8860. First Appellate District, Division One.—March 8, 1933.]

In the Matter of the Estate of KATHERINA SEIPEL, Deceased. ANNIE GRAHAM et al., Appellants, v. EMMA SEIPEL HAHN, Respondent.

274

Alfred Fuhrman and H. W. Hutton for Appellants.

Gillogley, Crofton & Payne for Respondent.

JAMISON, J., *pro tem.*—Katherina Seipel died on March 4, 1929. She left a will by which she bequeathed and devised her estate to her three daughters, the appellants and respondent, share and share alike, except certain jewelry. which she bequeathed to each separately. The will contained the following provisions: " . . . provided, however, that if any of my said children shall commence any proceedings to contest this will, or shall fail to abide by any of its provisions, that then, and in that event all property be-

queathed or devised to such contesting or objecting child, shall not pass to her, except the sum of ten dollars, payable out of my personal estate, but shall belong to and become part of the residue of my estate, to pass under this will to the non-contesting and non-objecting children, share and share alike."

On August 8, 1930, respondent filed a petition for a partial distribution to her of the sum of $1,000 and for the distribution to her of the jewelry bequeathed to her by the said will. The will was admitted to probate on March 20, 1929, and appellants duly qualified as executrices thereof. Appellants filed an answer to said petition both as executrices of said estate and as individuals. By their answer they denied that partial distribution could be made, owing to the financial condition of the estate, and also alleged that respondent had forfeited all her interests under the will; that said forfeiture was created by two actions commenced by respondent against the executrices, one of which (No. 217,468) was filed March 19, 1930, and the other (No. 52,329) on July 21, 1930. Upon the hearing had on said petition for partial distribution the trial court rendered judgment ordering partial distribution as prayed for, and from this judgment appellants have taken this appeal.

The main contention of appellants is that by the commencement of the said two actions respondent, under the foregoing provision of the will, has forfeited all of her interests in the said estate. The first of these actions appears to be one demanding an accounting by appellants of certain shares of stock and bank deposits owned by deceased at the date of her death. This action was dismissed by respondent on April 4, 1930. The other of said actions alleged fraud upon the part of appellants, by means of which they had possessed themselves of said shares of stock and money deposited in said banks, respondent asking therein that appellants be required to inventory same as part of the assets of the estate. Upon the trial of this case appellants had judgment. The will in question was executed June 11, 1922. No mention is made in the will of the shares of stock, nor of the money on deposit in the banks.

In *Lobb* v. *Brown*, 208 Cal. 476, 484 [281 Pac. 1010, 1013], the court said: "That a provision in a will providing for a forfeiture of a legacy in the event of a contest of the will

by the legatee is valid and binding upon said legatee has been held frequently by this court." (Citing authorities.) In this case the court also said: "It is universally held, we think, that such a clause in a will, like all other forfeiture provisions, is to be strictly construed." (Citing *Estate of Hite,* 155 Cal. 436 [101 Pac. 443, 17 Ann. Cas. 993, 21 L. R. A. (N. S.) 953], *Estate of Bergland,* 180 Cal. 629 [182 Pac. 277, 5 A. L. R. 1363], and *In re Kitchen,* 192 Cal. 384 [220 Pac. 301, 30 A. L. R. 1008].)

It is true respondent alleges in each of the two said actions that deceased was an aged woman, and for a long time prior to her death was ill and had suffered a severe accident, and that by reason of illness and the infirmity of age was weak and infirm for a long time prior to her death, and was unable to properly care for and look after her business and property and had little understanding of business methods, but it is apparent that these allegations were made in aid of her claim that appellants had acquired possession of property of deceased wrongfully, and that as executrices of the will they should inventory it as a part of the assets of the estate.

It is not alleged in said actions that at the date of the execution of the will deceased was mentally incompetent to make a will or that it was procured to be made by duress, menace, fraud or undue influence. Section 380 of the Probate Code sets forth the method by which a will may be contested. It provides that the contestant must file a petition containing the allegations against its validity, and praying that the probate be revoked. It nowhere appears in either of said actions that respondent was contesting the validity of the will, nor any of its provisions. Apparently she was endeavoring by said actions to compel the executrices to inventory as the property of the estate certain of its assets which she maintained they had failed to include in the inventory made by them. As an interested party she had a right to do this. Furthermore, the action was commenced on July 21, 1930, more than one year after the probate of the will.

The rule that a forfeiture clause is to be strictly construed means simply that no wider scope is to be given to the language employed than is plainly required, and it is the cardinal rule of construction that the intent of the

testator as manifested by the terms of the will must be given effect. (*In re Kitchen, supra.*) ▮ In the instant case the only provisions that would result in a forfeiture under the will were the commencement of proceedings to contest the will, or failure to abide by any of its provisions. We find nothing in either of said actions commenced by respondent against appellants indicating a purpose to contest the will; on the contrary, by filing her petition for partial distribution, she indicated the reverse. The case of *Estate of Hite, supra,* and other cases relied upon by appellants are all cases where there was a contest of the will or of some of its provisions.

▮ The court found that the estate was but little indebted and that its value as shown by the inventory and appraisement was in excess of $58,000; that $3,000 of this was personal property, and that $1,000 was a reasonable sum to be allowed respondent without loss to creditors or injury to the estate or persons interested therein, and that no injury can result to the estate by said allowance and distribution.

A re-appraisement of the real estate owned by the said estate was by order of the court made on April 16, 1932, in which the said real estate was valued at $26,000, making the total value of said estate as of that date, including personal property, $29,000. It also appears from the evidence that respondent was indebted to the estate in the sum of about $2,000 upon notes executed by her to deceased, but as she will receive one-third of the assets as her share on final distribution, it will be more than sufficient to take care of the said indebtedness.

▮ It appears from the record in this case that judgment on respondent's petition for partial distribution was rendered on April 20, 1932, and thereafter findings were filed on April 27, 1932. Upon trials of questions of fact, findings are required, and there can be no rendition of judgment until findings are made and filed with the clerk, unless the findings are waived. (*Brownell* v. *Superior Court,* 157 Cal. 703 [109 Pac. 91]; *Crim.* v. *Kessing,* 89 Cal. 478 [26 Pac. 1074, 23 Am. St. Rep. 491]; 14 Cal. Jur., p. 912.)

We are of the opinion that the judgment in the case at bar was premature in that it was rendered prior to the filing of the findings with the clerk. However, the findings filed

being fully supported, a judgment in accordance therewith should be entered. The judgment appealed from is therefore reversed, and the trial court is ordered to enter a judgment in accordance with the decision heretofore made by it and filed in this case.

Knight, Acting P. J., and Cashin, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 4, 1933.