[L. A. No. 14187. In Bank.—November 26, 1934.]

In the Matter of the Estate of HERMAN J. EXTERSTEIN, Deceased. PEARL V. EXTERSTEIN, Appellant, v. CLAUDE G. HIGGINS, Respondent.

Walters & Mauk and N. D. Papa Dakis for Appellant.

William Ellis Lady for Respondent.

THOMPSON, J.—This is an appeal from an order vacating an order denying a petition by a creditor to remove an executrix because she failed to account for all the property of the estate, and allowing a motion to reset the cause for hearing. That part of the order vacating the former order was on the court's own motion, and the remainder was in reference to respondent's motion.

On December 12, 1929, Claude G. Higgins, a creditor, filed a petition for the removal of Pearl Exterstein as executrix of the estate of Herman J. Exterstein, her husband, for failing to include in her inventory and account moneys received by her on two policies on the life of the deceased, Pearl V. Exterstein being named as beneficiery in the policies. Petitioner alleged that he was a creditor of the estate whose claim had been established by judgment against the estate; that the premiums on the policies were paid by Exterstein out of the community property at a time when he was insolvent and that Pearl Exterstein gave no consideration therefor but that the policies were obtained in furtherance of a plan or arrangement entered into by the Extersteins with the purpose of hindering, delaying and defrauding their creditors, and, in particular, the petitioner.

The executrix answered, putting in issue the insolvency of Exterstein at the time of the issuance of the policies, the existence of any plan, arrangement or intent to defraud creditors and the payment of consideration by herself, and alleging that she did not include the proceeds of the policies in the inventory and account of the property of the estate for the reason that they did not constitute assets of the estate, but were received by her for her own use and benefit. The matter was heard in the superior court and, on September 12, 1931, the following minute order was made: "Peti-

tion to remove Executrix and to order paid into the estate moneys received from life insurance upon deceased payable to Pearl V. Exterstein, the widow, is denied. This Order is made after Findings by the court that the premiums for such life insurance policies were paid out of the community funds by Herman J. Exterstein while he knew himself to be insolvent but not with fraudulent intent either of himself or Mrs. Exterstein.''

On January 23, 1933, contending that the above order was without effect, the respondent moved in the superior court for an order setting for hearing his petition for the removal of appellant as executrix and to order the insurance money paid into the estate. The motion was made upon the ground that no findings of fact or conclusions of law or judgment which constituted the decision of the court had been entered, and the judge who heard the petition was no longer acting judge of the court in which the matter was heard. The motion was granted and the order of September 12, 1931, was, as heretofore stated, on the court's own motion, set aside because of inadvertence.

It is from this latter order that this appeal is taken, appellant contending that the minute order of September 12, 1931, was a final determination of respondent's petition and hence the court was without authority to order it set aside. Respondent insists, upon the authority of *Estate of Pendell,* 216 Cal. 384 [14 Pac. (2d) 506], and *Estate of Seipel,* 130 Cal. App. 273 [19 Pac. (2d) 808], that a disposition of the petition required the determination of questions of fact and hence findings in writing were necessary.

There can be no doubt under the authorities that the recitals in the minute order under examination are sufficient (*Ready* v. *M'Donald,* 128 Cal. 663 [61 Pac. 272, 79 Am. St. Rep. 76], and *David* v. *Frost,* 122 Cal. App. 750–754 [10 Pac. (2d) 504]), provided it may be said that they are ''in writing'' as required by section 632 of the Code of Civil Procedure.

In this connection we observe, first, that recitals in a judgment or decree, though not in the usual form, constitute a sufficient compliance with the section. (*Hibernia S. & L. Soc.* v. *Clarke,* 110 Cal. 27 [42 Pac. 425]; *Hopkins* v. *Warner,* 109 Cal. 133–139 [41 Pac. 868]; *Locke* v. *Klunker,* 123 Cal. 231–239 [55 Pac. 993]; *Shaingold* v. *Shaingold,* 191 Cal.

438 [216 Pac. 603]; *Consolidated Irr. Dist.* v. *Crawshaw*, 130 Cal. App. 455 [20 Pac. (2d) 119].) Next we notice section 1221 of the Probate Code, which reads: "All orders or decrees of the court or judge must be entered at length in the minute book of the court, or else signed by the judge and filed but decrees of distribution must always be so entered at length."

It is apparent that had the order in this case, incorporating the recitals it contains, been signed by the judge under the alternative provision of section 1221, the findings would have been sufficient. The question then is: When the order containing sufficient findings is entered at length in the minute book of the court, may they be considered to be "in writing" and sufficient? We think so. Section 1221 introduces a procedure which is peculiar to probate. The reason for the legislative requirement expressed in section 632 of the Code of Civil Procedure rests in the desirability of certainty and finality. It can scarcely be said that there is less certainty or less finality to findings which are written out in the minute book of the court than to findings which are incorporated in the signed order or judgment. Furthermore, there is a degree of convenience provided for by the legislature for probate orders which cannot be brushed aside.

Nothing herein said is contrary to anything contained in *Estate of Pendell* or *Estate of Seipel, supra.* In the Pendell case the point was not considered for the very obvious reason that the order there in question did not contain any findings of fact. We have taken the pains to corroborate this statement by an examination of the transcript in that case. In the Seipel case the judgment was signed and filed seven days before the findings were filed. Hence the judgment was premature.

There is a further reason why the order appealed from in this case should be reversed. The order which it purported to set aside was an appealable order. (Sec. 1240, Probate Code.) In the absence of an appeal it became final and conclusive. (*Estate of Stevens,* 83 Cal. 322–326 [23 Pac. 379, 17 Am. St. Rep. 252]; *Estate of Nolan,* 145 Cal. 559–561 [79 Pac. 423]; *Estate of Welch,* 106 Cal. 427 [39 Pac. 805]; *Estate of Davis,* 151 Cal. 318–324 [86 Pac. 183, 90 Pac. 711, 121 Am. St. Rep. 105].) The motion did not seek to have the order of September 12, 1931, set aside

under section 473 of the Code of Civil Procedure. In fact, the motion of respondent purported to consider the original order as of no moment and a nullity, and it was set aside by the court upon its own motion. Having become final and conclusive it was beyond the power of the court to revoke in this manner.

The order is reversed.

Preston, J., Curtis, J., Langdon, J., Shenk, J., Waste, C. J., and Seawell, J., concurred.