[Civ. No. 1919.   Fourth Appellate District.—September 27, 1935.]

A. N. KEMP, as Receiver, etc., Respondent, v. AUDREY CAMPBELL et al., Appellants.

James R. Jaffray for Appellants.

Geo. W. Fenimore and Everett L. Ball for Respondent.

MARKS, J.—This is an appeal from a judgment foreclosing two bonds issued under the Improvement Act of 1911 on two pieces of property in the city of Oceanside in San Diego County.   The case comes before us on the judgment roll.

Appellants urge that the judgment must be reversed because the complaint does not state facts sufficient to state a cause of action against them. No demurrer was interposed to the complaint.

It is alleged that the Guaranty Building and Loan Association of Los Angeles is a corporation; that on December 23, 1930, respondent was appointed receiver of the corporation by the United States District Court for the Southern District of California, and on March 9, 1932, was authorized and permitted to bring this action; that respondent was in possession and control, and entitled to the possession and control of the two street improvement bonds which were set forth *in haec verba* and were made payable to the North American Bond and Mortgage Company or its order; that respondent is the owner and holder of· the two mentioned bonds. The other allegations of the complaint are not material here. However, it should be noted that there is no allegation of an assignment of either of the two bonds by the North American Bond and Mortgage Company.

■ Appellants urge that as the complaint shows on its face that the bonds were made payable to the North American Bond and Mortgage Company, and did not allege their assignment, there was no showing of any title in respondent to enable him to foreclose the bonds. Had this been called to the attention of the trial court by timely demurrer it should have received serious consideration there where the faulty pleading could have been corrected. This was not done.

The complaint alleged that respondent was the owner and holder of the bonds. It is well settled in California that this allegation is sufficient to cure the lack of an allegation of assignment where no demurrer was interposed and the question is raised in the appellate court for the first time. (*Penrose* v. *Winter*, 135 Cal. 289 [67 Pac. 772]; *Wells, Fargo & Co.* v. *McCarthy*, 5 Cal. App. 301 [90 Pac. 203]; *Smith* v. *Peters*, 46 Cal. App. 47 [188 Pac. 811]; *Stevens* v. *Weisbaum*, 87 Cal. App. 664 [262 Pac. 762].)

Another sufficient reason exists for affirming the judgment. ■ The appeal is on the judgment roll alone. In the absence of the evidence, and in support of the judgment, we must presume that respondent produced evidence of his title to the bonds at the trial and that this evidence was received

without objection from appellants. With this presumption before us we must conclude that the defect in pleading was cured by the evidence and that appellants waived the error. (*Slaughter* v. *Goldberg Bowen & Co.*, 26 Cal. App. 318 [147 Pac. 90].)

Appellants assert there are no findings of fact to support the judgment. There are no formal separate findings signed by the trial judge. As a part of the judgment it is found that all the allegations of the complaint are true. Findings of fact separate from those in the judgment are not always necessary and their absence does not in itself furnish a ground for reversal. (*Reiner* v. *Schroeder*, 146 Cal. 411 [80 Pac. 517]; *Shaingold* v. *Shaingold*, 191 Cal. 438 [216 Pac. 603].)

Judgment affirmed.

Barnard, P. J., and Jennings, J., concurred.