[Civ. No. 1779.   Fourth Appellate District.—May 15, 1936.]

HARRY P. FURLOTT et al., Appellants, v. SECURITY-FIRST NATIONAL BANK OF LOS ANGELES (a National Banking Association) et al., Respondents.

F. E. Davis for Appellants.

Siemon, Claflin & Maas for Respondents.

BARNARD, P. J.—This is an action to determine the title to a parcel of land which had been sold under the provisions of a deed of trust. The defendant bank was the trustee and the defendants Ramsey, who were the beneficiaries under the trust deed, purchased the property at the sale.

In a first cause of action the plaintiffs set forth certain of the facts leading up to the sale, followed by certain facts purporting to show that the sale was wrongfully made. In a second cause of action they alleged that they were the owners and in possession of the property, that the defendants asserted title and right to the possession, and that these claims were without merit. They prayed that the sale under the trust deed be vacated and set aside and that the title to the property be quieted in them. The answer set forth more fully the facts leading up to the sale, including a copy of the deed issued in pursuance of the sale, and prayed that title to the property be quieted in the purchasers, and that they be given a writ of possession.

The court found in all respects in favor of the defendants and entered judgment quieting title in the individual defendants and directing the issuance of a writ of possession. From this judgment the plaintiffs have appealed on the judgment-roll alone. The evidence is not before us and no attack is made upon those findings which relate to the claimed insufficiency of the sale under the trust deed.

It is first contended that the court failed to find upon a material issue, in that it failed to find that the appellants were in actual possession of the property, when there was evidence to support such a finding. As a matter of fact the court found that the appellants were in actual possession of the property although this finding is found in the judgment. This, however, is sufficient. (*Shaingold* v. *Shaingold,* 191 Cal. 438 [216 Pac. 603].) However, this entire matter is immaterial and the real issue as to possession was as to which party had that right.

The main contention of appellants is that the judgment is erroneous since they were in possession of the property and since it was neither pleaded nor found that the

respondents had served upon them a three-day notice to quit, in accordance with subdivision 3 of section 1161 (a) of the Code of Civil Procedure. As we understand it, this contention does not affect that part of the judgment which quiets title in the respondents but the same affects only that portion of the judgment which directs the issuance of a writ of possession.

The code section referred to, adopted in 1929, had the effect of extending the summary remedy which formerly existed in some cases to certain other cases where property has been sold. While an additional remedy was thus provided, this section has no application where a party in possession raises complete issues as to title and the right of possession in a court of equity. Under such circumstances, such a court has the power not only to decide the issues presented but to carry its decrees into effect. These appellants raised the question of the right of possession in this action in equity, issue thereon was joined, and the court had power to grant relief in that regard even though another and different remedy might have been available to the respondents had this action not been brought.

It is further contended that certain of the findings are contradictory. We are unable to find any such contradiction and it would serve no useful purpose to review the matter in detail.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.