[Civ. No. 13168. First Dist., Div. Two. Nov. 22, 1946.]

ROSE SILVERSTEIN, Respondent, v. LOUIS A. SILVERSTEIN, Appellant.

Joseph A. Brown for Appellant.

Leon A. Blum for Respondent.

NOURSE, P. J.—This is an action for divorce terminating in an interlocutory decree in favor of the wife, plaintiff, and the husband appeals.

The complaint is in two counts, the first on the ground of wilful neglect, the second on the ground of extreme cruelty stated in general terms. The answer denies the material allegations of both counts to which is added a cross-complaint for divorce on the ground of extreme cruelty stated in general terms. Both the complaint and cross-complaint contain allegations that there is community property of the parties among which is specifically mentioned in both pleadings: "Home at 1669 Silver Avenue, San Francisco, California." Both parties pray for an equitable division of the community property.

The court did not make separate findings of fact and conclusions of law, but included the following words in its Interlocutory Decree of Divorce and Award of Community Property: ". . . the court finds that all the allegations contained in the 'Second Cause of Action' of plaintiff's complaint are true, and that the allegations contained in paragraph VI of defendant's cross-complaint heretofore filed in these proceedings are not true, and that plaintiff is entitled to an interlocutory decree of divorce against the defendant upon the ground of defendant's extreme cruelty and to an award of a portion

of the community property of the parties as hereinafter specified, and that plaintiff is likewise entitled to alimony in the amount and upon the conditions hereinafter set out.''

Of the community property the home at 1669 Silver Avenue was awarded to the wife, her alimony of $40 a month to cease if she should dispose of that home or cease to make her permanent residence therein. The custody of the two minor children was awarded to plaintiff.

Appellant's first point is that the evidence is insufficient to prove his extreme cruelty. The evidence is conflicting. The wife testified, fully corroborated by both children of the parties, the daughter over nineteen and the son nearly eighteen, that for many years she had great difficulty in getting money from her husband especially for her personal needs and that he humiliated her continually in the presence of the children, calling her dumb and ignorant, telling her to go away and get a divorce, reviling her and threatening her with violence. This evidence is too clear and express to require literal quotation. Appellant, as only witness in his own behalf, denied these charges and ascribed the arguments with his wife to her wish for expenditures beyond his income and to her desire to live in Los Angeles near her family. Appellant argues that his limited salary and financial reverses were the crux of the question, and that even undue penuriousness of a husband towards his wife does not constitute extreme cruelty, citing *Parnay* v. *Parnay*, 55 Cal.App.2d 703 [131 P.2d 562]. The case is not in point. There the divorce had been denied by the trial court and the District Court of Appeal affirmed, holding that undue penuriousness of the husband did not constitute extreme cruelty *as a matter of law*. Here the evidence showed other improper conduct of the husband towards the wife over and above his lack of liberality towards her, and the trial court found that his conduct was a ground for divorce.

Whether such acts and conduct constitute such cruelty as, under all the circumstances shown, warrant the granting of a divorce is largely a question of fact to be determined by the trial court; its conclusion cannot be disturbed on appeal unless it is without any substantial support in the evidence. (*Andrews* v. *Andrews*, 120 Cal. 184 [52 P. 298]; *Robinson* v. *Robinson*, 159 Cal. 203 [113 P. 155].) In this case, though it is apparent that much of the friction arose from the wife's demands upon the meager income of appellant, there is substantial evidence to support the finding of the husband's cruelty.

■ Appellant argues that since there was no waiver of findings as required by section 632 of the Code of Civil Procedure, specific findings should have been made on all material issues, and that the general findings included in the interlocutory decree of divorce are insufficient to support the judgment. The contention is without merit. "Findings contained in the judgment itself are sufficient (*Hopkins* v. *Warner*, 109 Cal. 133 [41 P. 868]; *Hibernia Sav. & Loan Soc.* v. *Clarke*, 110 Cal. 32 [42 P. 425]; *Locke* v. *Klunker*, 123 Cal. 231 [55 P. 993]." *Shaingold* v. *Shaingold*, 191 Cal. 438, 439 [216 P. 603]; *Estate of Janes*, 18 Cal.2d 512 [116 P.2d 438].)

In *Dracovich* v. *Dracovich*, 53 Cal.App. 361 [200 P. 44] general findings of the same kind as those in the case at bar were incorporated in the same document with the interlocutory decree. The court held: (p. 363.)

"The findings are sufficient in form and dispose of every issue in the case. The finding that 'all the allegations contained in the complaint are true' is a sufficient finding upon each and every issue arising out of the complaint and the denials in the answer. Such a finding has repeatedly been upheld by our supreme court. (See *Gale* v. *Bradbury*, 116 Cal. 39 [47 P. 778], and *McKelvey* v. *Wagy*, 157 Cal. 406 [108 P. 268].)" See, also, *Kemp* v. *Campbell*, 9 Cal.App.2d 298 [49 P.2d 872].

Appellant cites *Krug* v. *F. A. Lux Brewing Co.*, 129 Cal. 322 [61 P. 1125], and some other cases of the same tenor in support of his contention that general findings referring to the allegations of the pleadings are insufficient. These cases do not hold so. They only condemn reference to the allegations of the pleadings made indecisive by unclear qualifications as "so far as they are inconsistent with the allegations of said complaint" or "material" or "in issue." The Krug case itself states: (p. 323.) "Of course, as was held in *Williams* v. *Hall*, 79 Cal. 606 [21 P. 965], and in many other cases, a finding that 'all the allegations of the complaint are true and all the averments of the answer are untrue,' is sufficient." ■ That the decree in this case does not contain a finding as to plaintiff's first cause of action based on wilful neglect is immaterial, as the finding that the allegations of the second cause of action are true sufficiently supports the decree. (*Brison* v. *Brison*, 90 Cal. 323, 329 [27 P. 186]; 24 Cal.Jur. 939, Trial, § 184.)

■ Appellant contends that the court had no power to

include in the award of community property to the wife the home of the parties at 1669 Silver Avenue, San Francisco, because appellant had testified that he had made out a joint tenancy deed of that property and that he assumed that he and his wife both owned it at the moment. Appellant and his wife had both declared in their verified pleadings that the home was community property. After making the statement referred to above appellant answered, "That's right" to a question which included said home in the community property for the determination of its value. These different statements by the appellant are not necessarily conflicting. Property can be community property because of its origin and the intention of the spouses though recorded as held in joint tenancy.

In *Tomaier* v. *Tomaier*, 23 Cal.2d 754 [146 P.2d 905] it was held that evidence was admissible to prove that property of the spouses was community property even though the deeds named them as joint tenants, the court stating: (p. 757) "It has in fact been held unequivocally that evidence is admissible to show that husband and wife who took property as joint tenants actually intended it to be community property. (*Hulse* v. *Lawson*, 212 Cal. 614 [299 P. 525]; *Jansen* v. *Jansen*, 127 Cal.App. 294 [15 P.2d 777]; see *Minnich* v. *Minnich*, 127 Cal. App. 1, 8 [15 P.2d 804]; *Horsman* v. *Maden*, 48 Cal.App.2d 635, 640 [120 P.2d 92].) . . . Moreover, it is well settled that property may be converted into community property at any time by oral agreement between the spouses (*Kenney* v. *Kenney*, 220 Cal. 134 [30 P.2d 398]; *Estate of Watkins*, 16 Cal.2d 793, 797 [108 P.2d 417, 109 P.2d 1]; *Title Insurance etc. Co.* v. *Ingersoll*, 153 Cal. 1 [94 P. 94]; *Estate of Kelpsch*, 203 Cal. 613 [265 P. 214], and an agreement at the time the property is acquired has the same effect." The same case also argues in detail (23 Cal.2d 758) that *Siberell* v. *Siberell*, 214 Cal. 767 [7 P.2d 1003] cited by appellant is not contrary to this rule, at least not the decision itself.

In this case, therefore, appellant's statement that he made out a joint tenancy deed need not impair at all the value of the statement of both himself and his wife that the home was community property. His further testimony "Q. You both own the property at the moment? A. I assume that is right," is irrelevant in that respect as there is no statement whether he assumes that they own it as joint tenants, or as community property. But even if we assume that it was appellant's intention to testify—what he did not do ex-

pressly—that the home was joint and not community property, the admission in his pleading, which he did not try to amend must control as against his testimony in support of the finding by the court that the home was community property. (*Estate of Cover*, 188 Cal. 133, 147 [204 P. 583].) At any rate the trial court had jurisdiction to determine whether the home was community property or not, as both parties had prayed for equitable division of the community property and had mentioned the home in that respect. (*Allen* v. *Allen*, 159 Cal. 197 [113 P. 160]; *Salveter* v. *Salveter*, 206 Cal. 657 [275 P. 801].)

That the decision will not be disturbed on appeal if there is any substantial evidence in the record to support it is too elementary to require citation of authority. In this case appellant's admission in his verified pleading and his testimony to the same effect constituted such substantial evidence.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.