[Civ. No. 4750. Fourth Dist. Nov. 18, 1954.]

LINDA BACA, Respondent, v. JAMES R. BACA, Appellant.

Taylor F. Peterson for Appellant.

Karl F. King and Fred H. Almy for Respondent.

MUSSELL, J.—This is an appeal by the defendant from an interlocutory judgment in an action for divorce. ▉ Appellant first contends that the trial court erred in failing to find that the evidence of condonation compelled a judgment denying plaintiff a decree of divorce. This contention is not meritorious. While there was some evidence relative to condonation, the record contains ample evidence to support the trial court's findings and judgment, and under such circumstances they will not be disturbed on appeal. (*Berniker* v. *Berniker,* 30 Cal.2d 439, 444 [182 P.2d 557].) The evidence upon which appellant bases his argument in this connection is that the parties continued to live in the same house after the complaint was filed in the instant action and that numerous acts of sexual intercourse occurred between them while they were living together after the action was commenced. However, the respondent testified that the acts of intercourse were involuntary on her part and there was no testimony by either of the parties that they agreed to a reconciliation. At the time of the hearing, on an order to

show cause, the trial court ordered the defendant to pay $120 per month for her support and that of the minor child of the parties, providing plaintiff and said child continued to reside in the family home; otherwise the defendant was directed to pay the sum of $170 per month for such support. The order did not prohibit the defendant from continuing to live in the home. This he did, and the record supports the inference that plaintiff's continued residence in the home was necessary because she did not have funds with which to secure a residence elsewhere.

Condonation, as defined in *Chester* v. *Chester*, 76 Cal. App.2d 265, 269 [172 P.2d 924], is the conditional forgiveness of a matrimonial offense constituting a clear cause of divorce. In *Estate of Abila*, 32 Cal.2d 559, 561 [197 P.2d 10], it is held that the circumstances of reconciliation must show that the parties intended to reunite as husband and wife and that occasional cohabitation does not alone establish a reconciliation. In *Shaingold* v. *Shaingold*, 191 Cal. 438, 439 [216 P. 603], it is held that a finding of condonation cannot be based solely on evidence of matrimonial intercourse of the parties.

Civil Code, section 118, provides as follows:

"Where the cause of divorce consists of a course of offensive conduct, or arises, in cases of cruelty, from excessive acts of ill-treatment which may, aggregately, constitute the offense, cohabitation, or passive endurance, or conjugal kindness, shall not be evidence of condonation of any of the acts constituting such cause, unless accompanied by an express agreement to condone."

In the instant case there is no evidence of an express agreement to condone and no substantial evidence upon which to base a finding of condonation. As was said in *Hawkins* v. *Hawkins*, 104 Cal.App. 608, 613 [286 P. 747]:

"Where there is no adequate evidence to support an issue in the trial of a case it becomes unnecessary to adopt findings with relation thereto. A failure to adopt findings upon the issue of condonation in the present case is not reversible error since the record would have required a finding adverse to the appellant." (Citing cases.)

Moreover, the trial court found that the allegations of cruelty set forth in plaintiff's complaint were true and that the allegations of cruelty set forth in the cross-complaint were untrue and rendered judgment for the plaintiff. Condonation was not made an issue by the pleadings herein and

while it was held in *Hamburger* v. *Hamburger*, 60 Cal.App.2d 530, 537 [141 P.2d 453], that if the evidence shows condonation, it is the duty of the court, even without a pleading, to find to that effect, here, the evidence did not support such a finding and none was necessary. ■ Since the record would have required a finding adverse to appellant upon the issue of condonation, no reversible error appears.

■ Appellant further contends that the trial court erred in making a final disposition of the property of the parties and in this connection cites *Wilson* v. *Wilson,* 76 Cal.App.2d 119 [172 P.2d 568]. This case and others such as *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214 [259 P.2d 656], and *Forbes* v. *Forbes,* 118 Cal.App.2d 324, 326 [257 P.2d 721], support appellant's contention. In the instant case, as in *Wilson* v. *Wilson, supra,* 133, justice will best be served by striking from the interlocutory decree all words presently disposing of the community property and inserting words to the effect that in the final decree the parties are entitled to have the community property assigned to them as now provided in the decree.

The interlocutory decree is therefore modified by striking therefrom all words presently disposing of the community property and inserting words to the effect that upon the entering of the final decree, the parties are entitled to have assigned to them the portions of said property that were awarded to them in said interlocutory decree. As so modified, the judgment is affirmed as of the date of its entry. Plaintiff to recover costs on appeal.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 12, 1955.