[No. 2,965.]

GEORGE W. WARD *v.* JAMES McNAUGHTON, DEXTER A. DAVIS, ALEXANDER HENDERSON, H. B. McNEIL, OLIVER WOLCOTT, AND FRANK ROCK, ADMINISTRATOR OF THE ESTATE OF JAMES HOLBERT, DECEASED.

CONTRACT EXPRESSED IN DEED NOT TO BE ENLARGED BY PAROL.— When a negotiation for the purchase and sale of real estate culminates in a deed from the vendor to the vendee, reciting the whole consideration agreed to be paid, and, in a mortgage from the vendee to the vendor, on the land conveyed, to secure the purchase money, the vendee will not be permitted to show by parol that the vendor also agreed in the same contract to sell and convey other lands not included in the deed.

RIGHT OF INCUMBRANCER UNDER JUNIOR MORTGAGE.—In an action to foreclose a mortgage, a subsequent incumbrancer under a junior mortgage is a proper party, and is entitled to have his rights protected by an appropriate provision in a decree as to the disposition of the surplus of the proceeds of the sale, if there be any, after satisfying the demands of the senior mortgagee.

APPEAL from the District Court of the Fifth Judicial District, County of Stanislaus.

The facts are stated in the opinion.

*Terry & Carr,* for Appellants.

*J. H. Budd,* and *Schell & Hewel,* for Respondent.

By the Court, CROCKETT, J.:

This is an action to foreclose a mortgage on certain real estate to secure a promissory note made by certain of the defendants to the plaintiff. The complaint alleges that the lands described in the mortgage were sold and conveyed by the plaintiff to said defendants, who made the note and mortgage to secure a portion of the purchase money. The answers set up as a defense that at the time of the purchase it was verbally agreed between the plaintiff and defendants,

as a part of the same transaction, and for the same consideration, that the plaintiff would perfect his preëmption claim to certain other lands, and obtain a patent therefor, and on obtaining the patent, would convey to the defendants said other lands without any other or further consideration therefor; that the plaintiff, in part execution of the verbal agreement, conveyed to the defendants the lands described in the mortgage, but, in violation of his contract, abandoned his preëmption claim to the other lands, and has never perfected the same, or conveyed said lands to the defendants.   On these facts they claim that the whole contract of purchase was illegal and void, as contrary to public policy, and that the consideration for the note and mortgage has failed.

The Court sustained a demurrer to the answers, and a final judgment was entered for the plaintiff, from which the defendants appeal.   On behalf of the plaintiff it is insisted that it was not competent for the defendants to set up a parol agreement which would contradict, vary, or enlarge the written contract, as embodied in the deed and mortgage; whilst the defendants claim that such an agreement would not contradict, vary, or add to the deed and mortgage, but would establish an independent contract, and that the deed and mortgage were made only in part execution of the verbal agreement.   The verbal contract set up in the answers related solely to the purchase and sale of real estate, and included but one contract of sale and purchase. The offer was to show that in addition to the lands which the plaintiff actually conveyed to the defendants, he, at the same time and by the same contract, also agreed verbally to convey to them other lands for the same consideration recited in his deed, and to secure which the mortgage was made.   I think it is clear that the defendants are precluded from setting up a verbal agreement of that character.   When a negotiation for the purchase and sale of real estate culminates in a deed from the vendor to the vendee, reciting the whole

consideration agreed to be paid, and in a mortgage from the vendee to the vendor on the land conveyed to secure the purchase money, it would lead to great frauds and abuses if the vendee were permitted to show by parol that the vendor also agreed to sell and convey other lands not included in the deed. It would open the door to all the evils which the Statute of Frauds was intended to prevent, and would be to vary and enlarge by parol the contract of sale expressed in the deed, which must be held to embody the result of the negotiations between the parties. I am, therefore, of opinion that the demurrer to the answer was properly sustained.

But the answer of Rock, as administrator of James Holbert, sets up that he is a subsequent incumbrancer under a junior mortgage of the same premises, and the demurrer to this portion of his answer ought not to have been sustained. He was a proper party to the action, and was entitled to have his rights protected by an appropriate provision in the decree as to the disposition of the surplus, if there be any, of the proceeds of the sale after satisfying the plaintiff's demand and costs.

Judgment affirmed as to all the defendants, except the defendant Rock, administrator of Holbert, as to whom it is reversed, and the cause remanded for a new trial.