[S. F. No. 2926. Department Two.—January 3, 1903.]

HIBERNIA SAVINGS AND LOAN SOCIETY, Respondent, v. LONDON AND LANCASHIRE FIRE INSURANCE COMPANY, Respondent; and CORA A. MORTON, H. E. LARSEN, and ANDREW MOORE, Appellants.

EQUITY—ENFORCEMENT OF JUDGMENT LIEN.—Equity will enforce a judgment lien where there is no other adequate remedy, or where the judgment lienholder is made a party defendant in an action to foreclose a prior mortgage.

ID.—ANSWER IN FORECLOSURE SUIT—PRAYER FOR AFFIRMATIVE RELIEF—CROSS-COMPLAINT.—An answer by the holder of the judgment lien in an action to foreclose a prior mortgage containing a prayer for affirmative relief, which was duly served on all the co-defendants as well as upon the plaintiff, must be regarded as a cross-complaint; and where the rights of the co-defendants were all subject to the judgment lien, it was properly foreclosed as against them.

CXXXVIII. Cal.—17

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

J. C. Bates, Osgood Putnam, and Rothschild & Ach, for Appellants.

Tobin & Tobin, for Hibernia Savings and Loan Society, Respondent.

Van Ness & Redman, for London and Lancashire Fire Insurance Company, Respondent.

THE COURT.—This is a suit for the foreclosure of a mortgage, of date September 6, 1895, made to the plaintiff by William Wallace, who died intestate February 25, 1896, leaving as his sole heir his mother, Mrs. Emeline Wallace.

The defendant Mrs. Cora Morton (who is the daughter of the latter) deraigns title to the mortgaged premises under a deed of date February 26, 1896, from Mrs. Wallace, who died May 26, 1896, and under a decree of date August 27, 1897, in the matter of the estate of William Wallace, distributing the property to her.

The defendant Larsen has an interest in part of the mortgaged premises under a contract to purchase, made March 16, 1896, with Mrs. Wallace, administratrix of William Wallace; and the defendant Moore an interest in another part, under contract with William Wallace himself, of date July 2, 1895.

The defendant corporation has, or at least had, a lien on the premises subordinate to that of the plaintiff, under a judgment against Mrs. Wallace, docketed March 13, 1896.

Judgment was rendered for the foreclosure of the mortgage and of the lien of the defendant corporation, the judgment providing that the lands other than those of defendants Larsen and Morton be first sold. The defendants Morton, Larsen, and Moore appeal from the judgment and from the order denying their motion for a new trial.

The plaintiff's case is admitted by the pleadings, and the controversy is therefore exclusively between the defendants named and the defendant corporation, which will hereinafter

be referred to as the respondent. The points involved are,—
1. As to the validity of the defendant-respondent's lien; 2. As
to the authority of the court, under the circumstances of the
case, to decree its foreclosure; and 3. As to the sufficiency of
its pleading to justify the judgment.

1. As to Mrs. Morton, the validity of the lien was adjudged
in a former suit brought by Mrs. Morton against the respond-
ent and others; and on appeal the judgment was affirmed by
this court. (*Morton* v. *Adams,* 124 Cal. 229.[1]) It is clear,
therefore, as to her, that at the date of the judgment in this
case, the lien of the respondent was a valid, existing lien. As
to the defendants Larsen and Moore, their cases will be con-
sidered in the sequel.

2. Assuming the validity of the lien, the respondent, we
think, was clearly entitled to the relief accorded to it. The
enforcement of liens, whether equitable or statutory, is a
well-recognized function of courts of equity; and the only
distinction in this respect between the different kinds of liens
is, that in the case of the latter equity will interpose only where
there is no other adequate remedy. (1 Pomeroy's Equity Juris-
prudence, secs. 167, 112 (class 4), 171, 297, and note 2; 3 Pom-
eroy's Equity Jurisprudence, secs. 1268-1269, p. 1415, n. p.
2185; *Lockett* v. *Robinson,* 31 Fla. 134; *Witmer's Appeal,* 45
Pa. St. 455;[1] *Gilchrist* v. *Helena etc. R. R. Co.,* 58 Fed. 711);
to which may be added the case of *Morton* v. *Adams,* 124 Cal.
229.[2] In this case the property in question was conveyed to
her daughter by Mrs. Wallace in her lifetime, and therefore
never formed part of her estate. It could not be reached,
therefore, in the probate proceeding; nor could an execution
be issued on the respondent's judgment. (Code Civ. Proc.,
secs. 686, 1505.) The respondent was therefore wholly without
remedy otherwise than by resort to a court of equity. Whether
there was other property in the estate out of which the claim
might be paid does not appear; nor is the question material.
The respondent has a specific lien on the property in ques-
tion, which—so long as the debt is not satisfied—he is entitled
to enforce.

But were there a doubt of the right of a judgment creditor,
in the absence of other remedy, to maintain an independent

[1] 84 Am. Dec. 505.     [2] 71 Am. St. Rep. 53.

suit to foreclose his lien, there can be none of his right to relief in a suit brought against him to foreclose a prior lien. In such cases, to make the foreclosure effectual, it is necessary for the plaintiff to make all junior lienholders parties;* and this implies that their rights, when brought into court, shall be adjudicated, and provision be made for them in the decree of foreclosure, by a proper disposition of the surplus proceeds of the sale of the mortgaged premises. (Code Civ. Proc., sec. 726; *Ward* v. *McNaughton,* 43 Cal. 161; *Hibernia S. and L. Soc.* v. *Clarke,* 110 Cal. 27, 33.)

The case of *Howe Machine Co.* v. *Miner,* 28 Kan. 441, cited by appellants (and also in 2 Freeman on Judgments, sec. 338), to the effect that "there is no foreclosure of a simple judgment lien," does not support the proposition asserted, but rather impliedly recognizes the rule as we have given it. In *Mitchell* v. *Wood,* 47 Miss. 233, there is a *dictum* to the effect claimed by appellant, but no authorities are cited, and what is said on the point has no connection with the matter involved in the case. The other authorities cited do not seem to have any application. In some of them, and in other cases, a distinction, or supposed distinction, between the *general* lien of a judgment as existing before levy of execution and the *specific* lien acquired by levy is referred to. (*Powell* v. *Macon,* 40 Ark. 544; 2 Freeman on Judgments, sec. 338; Bouvier's Law Dictionary, title, "Liens," sub-title "Statutory Liens.") But in this state there is no room for such a distinction; for here the judgment, when docketed, is by statute made a specific lien on all the lands of the judgment debtor, before as well as after levy.

3. With regard to the question of pleading, the respondent's answer, containing a prayer for affirmative relief, was duly served on all his co-defendants, and must therefore be regarded as a cross-complaint. (*White* v. *Patton,* 87 Cal. 151; *Hibernia S. and L. Soc.* v. *Fella,* 54 Cal. 598; *Hibernia S. and L. Soc.* v. *Clarke,* 110 Cal. 27; *Holmes* v. *Richet,* 56 Cal. 307.[1]) Thus regarded, its allegations are defective in some particulars, but the essential facts were not only proven without objection and found, but also admitted. (*Hess* v. *Bolinger,* 48 Cal. 349.)

---

[1] 38 Am. Rep. 54.

The defendants Larsen and Moore were not parties to the former suit of *Morton* v. *Adams,* and are therefore not bound by that determination. They acquired interests in the property subsequent to the docketing of respondent's judgment, and the decree of distribution did not operate to relieve their land from the lien which was thus attached. (*Martinovich* v. *Marsicano,* 137 Cal. 354.)

The trial court was therefore correct in decreeing that these appellants held their property subject to the lien of respondent.

The judgment and order appealed from are therefore affirmed.

Hearing in Bank denied.