## STATE OF CALIFORNIA v. MOORE.
### No. 8121.

Circuit Court of Appeals, Ninth Circuit.
Feb. 15, 1937.

and sold by a claimant of a conditional sales contract. In a suit by the trustee charging preference against the sales contract claimant, and challenging the sales contract, the trustee recovered judgment and collected sufficient money to pay all expense of administration, together with all claims with interest thereon of the same class as the tax claim and the penalties. At the time of the seizure of the aforesaid property by the conditional sales claimant there were unpaid taxes a lien by the laws of the State upon the property of $1,780.86 for the year 1931, and accrued penalties $222.60, and for the year 1932, $737.50 taxes, likewise a lien, and for $92.19 penalties, total tax being $2,-518.36 and the penalties $314.79. A claim was filed by the State for the taxes and penalties. The referee allowed and paid the claim for the taxes due, but disallowed the claim for the penalties.

The question for decision is: (a) Does the law of the State of California declaring penalties a lien upon property the same as unpaid taxes obtain over the National Bankruptcy Law? (b) If so, does the lien attach to the proceeds recovered in a tort action for damage for conversion of the property by another?

There is no general claim for the penalty. The trucks, etc., on which the lien is claimed were at no time in the possession of the trustee. The trustee did not sell the property. Four months, less one day, before adjudication the property on which the lien it is asserted rested was seized by another and sold. If the lien followed the proceeds, it rested on the proceeds received by the person who seized the property on a claim of right from the bankrupt and sold it. There was no privity of contract between the trustee and the purchaser of the property. The trustee had nothing but a right of action, which was exclusive to him, and accrued on filing the petition in bankruptcy. Boonville Nat. Bank. v. Blakey (C.C.A.) 107 F. 891. He had two remedies, one to recover the property—or in damages to recover the value of his interest in the property. Had he recovered the property and sold it the court would decree the lien a prior claim, unless the sale had been subject to the tax. The trustee did nothing with the property; he did not recover the property; he did recover the loss which the bankrupt estate sustained, which was the reasonable market value of the property, less any

U. S. Webb, Atty. Gen., and John O. Palstine, Deputy Atty. Gen., State of California, for State of California.

Craig & Weller and Thomas S. Tobin, all of Los Angeles, Cal., for appellee.

Before GARRECHT and HANEY, Circuit Judges, and NETERER, District Judge.

NETERER, District Judge.

From an order of the referee in bankruptcy, affirmed by the bankruptcy court, disallowing the claims of the state comptroller for penalties claimed under the California tax law as a preferred lien claim entitled to full payment from the assets of the bankrupt estate, the State has appealed.

The Paul Kent Truck Company was adjudicated a voluntary bankrupt October 20, 1933. Respondent was appointed trustee thereafter. On June 23, 1933, the tangible assets of the bankrupt were seized

liens resting on the property for taxes or otherwise. If the trustee had sold the property giving full title, the court would on equitable principles recognize the lien on the proceeds of sale and direct payment thereof. The presumption is conclusive that all defenses available upon the damages sustained by the appellee at trial were asserted and one defense would be the lien claimed here. The State's lien, if any, has not been disturbed by the trustee; it still rests on the property. All the trustee received was the value of the bankrupt's equity in the property from the conversioner of the property. The State may recover its lien in like manner if a right exists, or foreclose its lien on the property if the law warrants. The State has no right to any of the money thus received and against which the lien is asserted, legally or equitably. No statute is challenged to our attention subrogating the State's lien on the property to the proceeds of the judgment on a tort action of the trustee's equity in the property. The bankruptcy court directing sale of property unless expressly subject to liens, administering equitable principles under general powers (Hibernia Sav. & Loan Society v. London & L. Fire Ins. Co., 138 Cal. 257, 71 P. 334), would require payment of such liens, but that is not this case. The cases cited by appellant are cases resting on an entirely different state of facts.

This court in State of California v. Paul Hisey, Receiver of Lake View Oil, etc., Co., 84 F.(2d) 802, July 6, 1936, in an equity receivership held penalties and taxes in parity under the law of the State and each obtain as a lien upon the property under the California law. Also in Pauley v. State of California (C.C.A.) 75 F.(2d) 120, Laugharn v. State of California (C.C.A.) 77 F.(2d) 1005. These were equity receivership cases, except one in bankruptcy, and the property was in the court's custody. These cases are not in point here. In re Brannon (C.C.A.) 62 F.(2d) 959 involved different statutory provisions and differently related property and claims. Ingram v. Coos County, Or. (C.C.A.) 71 F.(2d) 889, held tax claims had priority over other claims. Mason v. Citizens' Nat. Bank et al. (C.C.A.) 71 F. (2d) 246. Liens authorized by state law not affected by bankruptcy except as provided by Bankruptcy Act (11 U.S.C.A.). The Supreme Court in Moore v. Bay, 284 U.S. 4, at page 5, 52 S.Ct. 3, 4, 76 L.Ed. 133, 76 A.L.R. 1198, says: "The rights of the trustee by subrogation are to be enforced for the benefit of the estate" in which case claims of creditors at date of the mortgage and prior to its accordation were held prior. Justice Holmes for the Supreme Court in Moore v. Bay, supra, citing Globe Bank & Trust Company v. Martin, 236 U.S. 288, 35 S.Ct. 377, 59 L. Ed. 583, said: "Whether the court was right must be decided by the Bankruptcy Act, since it is superior to all state laws upon the subject."

Section 57j of the Bankruptcy Act of the United States (11 U.S.C.A. § 93(j) provides: "Debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law." No pecuniary loss was sustained here.

In People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 168, 68 L.Ed. 405, the Supreme Court said: "There can be no doubt that the additional ten per centum charged for failure to pay by January 1 is a penalty, disallowed by the Bankruptcy Act, § 57j [11 U.S.C. A. § 93(j)]."

The State has no general claim, nor has it a lien on these funds; nor has it any claim against this fund based on general equitable principles.

Affirmed.