## In re MORTMAN.

### No. 38126.

District Court, E. D. New York.

Jan. 21, 1941.

A. S. Rudnick, of New York City, trustee in bankruptcy, for motion.

Scribner & Miller, of New York City, for Bakers Mut. Ins. Co., creditor, opposed.

INCH, District Judge.

The bankrupt was a member of the Mutual Insurance Company. By the contracts with the company it was provided that at the end of each year the amount due for premium should be ascertained by the company after examination of payrolls, etc., and, if the premium actually paid by the member be greater than the amount owed by such member, the latter would be entitled to receive a refund in cash or by credit to his account for the difference. If however the opposite result be found the Insurance Company could charge the member's account with the difference between the premium paid upon the original estimate and the premium required upon the actual payroll and the member would then be required to pay to the company such difference upon ten days' notice.

The benefit of a mutual company, is that a member receives, from time to time, returns or refunds of premiums on the business done by the company and in this case there was $129.70 that would come to the bankrupt except, in accordance with the above contracts, the premiums actually paid by the bankrupt were approximately $89.89 less than the actual premiums due.

898

Consequently, under the contracts it would seem that the company had a right to charge the member with this difference in premium that was due and set it off against this amount that otherwise the member would be entitled to receive. This the company has done but the learned referee has held that it had no right to this set-off.

Under the contracts, premium refunds of this mutual company were obligatory. There is no indication that such refunds were declared here in order to offset them against an unpaid premium claim. The refunds declared here or so-called dividends are based in part upon the very premiums claimed. There is no choice given to the company and it seems to me that the mere fact that adjudication intervened between the ascertainment of the true premium due and the declaration of a refund does not alter the obligatory nature of the contract of the member with the company and that this is a proper case for offset of debts or credits between the estate of the bankrupt and the Insurance Company. Section 68, Bankruptcy Act, Title 11 U.S.C.A. § 108.

The fact that a claim for the premium was filed is not an obstacle to this exercise of equity. Such claim will not exist where the set-off is allowed. In my view of the contract and the respective rights of the Insurance Company and the bankrupt the set-off should be allowed. This means that the order of the referee must be and is vacated.