In re BURCH.

No. 5239.

United States District Court
D. Kansas.

Jan. 5, 1948.

250

Philip Dergance, Assistant District Attorney for the United States, Topeka, Kan., for the United States.

Harold A. Zelinkoff and H. W. Goodwin, Wichita, Kan., for trustees.

SLOAN, Referee.

An agreed statement of fact has been entered into between the trustee and the United States, which sets forth in detail the nature of the tax, the principal amount, penalties and interest, together with the dates the assessments were made and the date the notice of tax lien was filed with the Register of Deeds.

The total amount claimed is $45,024.87, including penalties, with interest from divers dates. It is admitted that no sale or seizure was made of any of the property of the bankrupt prior to the filing of the petition.

The debtor filed his petition under Chapter XI, 11 U.S.C.A. § 701 et seq., on June 10, 1946, and was adjudged a bankrupt October 8, 1946. The first meeting of the creditors was held November 11, 1946, at which meeting trustees were elected who have since been in possession and control of the property.

The United States contends that it has valid and subsisting tax liens superior to all other claims, except the first mortgage lien, which is not disputed. On the other hand, the trustee contends that the liens of the United States, if any they have, are postponed in payment to the debts specified in Clauses (1) and (2) of subdivision a of 11 U.S.C.A. § 104; that the claimant should not be allowed penalties and are entitled to interest only to the date of the filing of the petition.

The trustee, upon his appointment and qualification, takes the title to the property of the bankrupt, subject to valid and subsisting liens that are not affected by the adjudication. United States v. Sampsell, 9 Cir., 153 F.2d 731; In re Erie Ry. Co., D.C., 37 F.Supp. 237; Commercial Credit Co. v. Davidson, 5 Cir., 112 F.2d 54. The court is controlled by Federal law in determining what liens are preserved in bankruptcy; what character of title to the debtor's property is vested in the trustee in bankruptcy and as to such property, what rights, remedies and powers are deemed vested in the trustee. We look to state law and appropriate Federal law to ascertain what property the debtor owned immediately preceding the time of bankruptcy; what liens thereon, if any, then existing, the character thereof and the order of priority among the creditors holding such liens.

11 U.S.C.A. § 107, sub. c came into the Bankruptcy Act through the Chandler Act. It is all inclusive and had for its purpose the postponement in payment of all statutory liens, including liens for taxes or debts owing the United States or any state on personal property not enforced by sale or seizure before the filing of the petition. There is no room for doubt in the construction of this statute. The courts have commented on it in the following cases: City

of New Orleans v. Harrell, 5 Cir., 134 F.2d 399; In re Empire Granite Company, D.C., 42 F.Supp. 450; Commercial Credit Co. v. Davidson, 5 Cir., 112 F.2d 54; City of New York v. Hall, 2 Cir., 139 F.2d 935; In re Pennsylvania Central Brewing Co., 3 Cir., 114 F.2d 1010.

The consequence is that all of the liens claimed herein, if otherwise established, are subject to the provisions of this statute since it is admitted that the personal property was not seized or sold prior to the filing of the petition.

11 U.S.C.A. § 96, sub. b grants to statutory lienholders, where the lien arises before the filing of the petition but is not perfected until after bankruptcy, a valid lien if perfected within the time prescribed by the statute under which it arose, except where seizure of the property is required. It is therefore clear that so far as property other than personal is concerned the statutory lien may be valid if it arises prior to and is perfected after bankruptcy and is binding on the trustee.

We must therefore determine when a statutory lien arises and when it is perfected. The answer to this question must be found in the statute, whether federal or state, which creates the lien.

It is provided by statute that where a person fails to pay taxes on demand the United States shall have a lien on the property belonging to such person. 26 U.S.C.A. § 3670. Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector. 26 U.S.C.A. § 3671. Such lien shall not be valid against certain creditors until it is filed in accordance with the law of the state. 26 U.S.C.A. § 3672.

It has been held by the Supreme Court that the lien created by this statute is a continuing lien covering all property or rights to property owned by the tax delinquent, including property acquired after the lien arose. Glass City Bank of Jeanette v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56.

It seems clear from these statutes that the lien arises when the assessment list is received by the collector, but it is not

perfected until the notice of the tax lien is filed with the register of deeds in accordance with the laws of the state of Kansas. Therefore all claimed tax liens, the assessment of which was received by the collector prior to the filing of the petition and thereafter perfected by filing the notice with the register of deeds, are valid against the trustee on all property except personal property. Where, however, the assessment does not reach the collector until after the filing of the petition, no lien is created and the claim must be assigned to the tax classification.

■ The trustee contends that the United States is entitled to interest only until the date of the filing of the petition. The general rule with reference to interest is stated in Ticonic Bank v. Sprague, 303 U.S. 406, 58 S.Ct. 612, 82 L.Ed. 926, as follows: "With respect to analogous liquidations the rule just announced has long been in force. The Court has already held that lienholder may look to his lien not only for the principal but also for interest accruing up to the date of payment, though his debtor has gone into bankruptcy (Coder v. Arts, 213 U.S. 223, 245, 29 S.Ct. 436, 53 L.Ed. 772, 16 Ann.Cas. 1008, affirming, 8 Cir., 152 F. 943, 950, 15 L.R.A., N.S., 372) or into equity receivership (American Iron & Steel Mfg. Co. v. Seaboard Air Line Ry., 233 U.S. 261, 34 S.Ct. 502, 58 L.Ed. 949), and though interest will be denied the unsecured creditors if the assets are insufficient to pay all claims in full. Compare In re Humber Ironworks & Shipbuilding Co., IV Ch.App.Cas. 643, with In re Humber Ironworks & Shipbuilding Co., V Ch.App.Cas. 88. The same rule was applied to state banks in Washington-Alaska Bank v. Dexter Horton National Bank, 9 Cir., 263 F. 304, 306." 303 U.S. at page 413, 58 S.Ct. at page 615, 82 L.Ed. 926.

■ The theory has been advanced that since the adoption of the Chandler Act, which requires the United States to file its claim on the same basis as other creditors, it is only entitled to interest to the date of the filing of the petition. I think there is much force in this argument, which was discussed by the First Circuit in Davie v.

Green, 133 F.2d 451. The court, however, reached the conclusion that under the statute, 11 U.S.C.A. § 93, sub. j, interest should be allowed. I agree with this conclusion. The statute appears to be specific on the question that the United States on its claims may recover "such interest as may have accrued thereon according to law."

It is the contention of the United States that where a tax lien is established as provided by law that the penalty included therein is allowable notwithstanding Section 57, sub. j of the Bankruptcy Act. 11 U.S.C.A. 93, sub. j.

This contention is based upon the decision of the Ninth Circuit, which was followed by the Sixth Circuit. In re Knox Powell Stockton Co., 100 F.2d 979; Commonwealth of Kentucky v. Farmers Bank and Trust Co., 139 F.2d 266.

The Ninth Circuit case involved the claim of the state of California for taxes and penalties payable under the provision of the California Oil and Gas Conservation Act. The California law provides a lien for the assessment and charges levied under the provision of the act, including a penalty for delinquency. The lien had been established before bankruptcy. The court said: "It may be conceded that section 57, sub. j of the Bankruptcy Act (11 U.S.C.A. § 93, sub. j), precludes the 'allowance' of a claim for penalties, but as pointed out earlier, adjudication in bankruptcy does not affect a valid and existing lien, consequently where a lien exists to support a penalty at the time of adjudication, section 57j does not come into operation. Hiscock v. Varick Bank, [206 U.S. 28, 29, 27 S.Ct. 681, 51 L.Ed. 945], supra; see, also, State of California v. Moore, 9 Cir., 1937, 88 F. 2d 564. In People of State of New York v. Jersawit, 263 U.S. 493, 44 S.Ct. 167, 68 L.Ed. 405, cited by appellant, there was a simple claim for priority unsupported by a lien." 100 F.2d at page 983.

It will be noted that this decision was rendered on the statute as it existed prior to the Chandler Act. The statute referred to in the opinion and quoted at length 100 F.2d at page 982 of the opinion was re-

pealed by the Chandler Act. This, to my mind, nullifies the effect of the opinion.

The court in the Sixth Circuit, supra, followed the decision in the Ninth Circuit without argument. In this case, however, Judge Simons dissents and in my judgment states the correct rule of law, holding that a penalty cannot be enforced in a court of bankruptcy by reason of the provisions of section 57, sub. j.

After due consideration of these cases, I find myself unable to agree with the conclusions reached by the courts. It is my understanding that this court is not bound by the decisions of other circuits, although they are very persuasive and must be given full consideration. This court is, of course, bound by the decisions of this Circuit and the Supreme Court of the United States.

The basic principle of the law of bankruptcy is to make an equitable division of the assets of the bankrupt estate among the creditors, having due regard for valid liens. The validity of a lien does not, however, determine the amount the lienor is entitled to recover. The lien may be valid but the debt which it secures may include a penalty, and a penalty should not be imposed on other creditors. The idea of an equitable division among creditors was carried into effect by the Congress in adopting section 57, sub. j, 11 U.S.C.A. § 93, sub. j, which is in part as follows: "Debts owing to the United States or any State or subdivision thereof as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, * * *."

It is well settled that this section applies to penalties imposed for nonpayment of taxes. In re Denver & R. G. W. R. Co., D.C., 27 Fed.Supp. 983, and cases there cited.

In the case of Boteler v. Ingels, 308 U. S. 57, 521, 60 S.Ct. 29, 84 L.Ed. 78, 442, the Supreme Court had before it the question of whether a bankrupt's estate was liable for penalties imposed by a state statute for nonpayment of an automobile license fee, which accrued while the trustee was operating the business. The court held the estate liable. In the course of the opinion, however, it said: "Section 57, sub. j, prohibits allowance of a tax penalty against the bankrupt estate only if incurred by the bankrupt before bankruptcy by reason of his own delinquency. After bankruptcy, it does not purport to exempt the trustee from the operation of State laws, or to relieve the estate from liability for the trustee's delinquencies." 308 U.S. at page 59, 60 S.Ct. at page 31, 84 L.Ed. 78.

The question therefore hinges on whether the establishment of a statutory lien prior to bankruptcy fixes the amount of the lien to the extent that it is binding on the bankruptcy court and closes the door to its established right to look behind the lien and determine the provability of the claim.

In Pepper v. Litton, 308 U.S. 295, 60 S. Ct. 238, 84 L.Ed. 281, the Supreme Court said: "This Court has held that a bankruptcy court has full power to inquire into the validity of any claim asserted against the estate and to disallow it if it is ascertained to be without lawful existence. Lesser v. Gray, 236 U.S. 70, 35 S.Ct. 227, 59 L.Ed. 471. And the mere fact that a claim has been reduced to judgment does not prevent such an inquiry. As the merger of a claim into a judgment does not change its nature so far as provability is concerned, Boynton v. Ball, 121 U.S. 457, 7 S.Ct. 981, 30 L.Ed. 985, so the court may look behind the judgment to determine the essential nature of the liability for purposes of proof and allowance." 308 U.S. at page 305, 60 S.Ct. at page 244, 84 L.Ed. 281.

In Woodruff v. Heiser, 10 Cir., 150 F.2d 869, citing Pepper v. Litton, supra, Judge Bratton said: "A bankruptcy court in which an estate is being administered has full power to inquire into the validity of an alleged debt of the bankrupt upon which a claim against the estate is based. And the merger of the original debt or obligation into judgment does not take away the power of the bankruptcy court to inquire into its provability." 150 F.2d at page 870.

This principle of law was cited and approved in Heiser v. Woodruff, 327 U.S. 726, 66 S.Ct. 853, 90 L.Ed. 970.

Can it be that a court vested with jurisdiction to look behind a judgment of another court to determine the provability of a claim can not look behind an ex parte statutory lien to determine whether the debt which the lien secures is provable? I think not.

A statutory lien comes into existence at the instance of the lienor who sets in motion the statutory authority. The lien is dependent for its existence on a valid debt or obligation. The debt may survive the lien, but the lien cannot survive the debt. If the debt fails or ceases to exist, the lien is nugatory. The lien does not establish the amount of the debt. It cannot make an indebtedness legal that otherwise would be illegal.

The sole purpose of a penalty is to punish for a delinquency. This is especially true under the tax laws. The imposing of a penalty on a bankrupt estate is not a punishment of the delinquent but of the creditor—the innocent bystanders. It is contrary to every principle of American law that one person should be punished for the delinquency of another.

If Section 57, sub. j of the bankruptcy act is set aside by the establishment of a lien, then the estate may be wiped out, not by debts but by penalties. If Section 57, sub. j is not enforcible against tax liens, what is to be done with Section 67, sub. c? The first makes a penalty disallowable, the second postpones the lien. If the first statute is nullified by an established lien, why is not the second?

It is my conclusion that the United States is not entitled to recover penalties, although they may be a part of an established lien.

It is contended that Claim No. 216 filed May 8, 1947, is filed out of time. The limitation on the United States for filing claims is found in 11 U.S.C.A. § 93, sub. n. The date set for the first meeting of the creditors, which brings into effect this statute, was November 11, 1946, People of State of New York v. Irving Trust

Co., 288 U.S. 329, 53 S.Ct. 389, 77 L.Ed. 815; In re Matisoff, D.C., 36 F.Supp. 897. The claim was filed in time. All taxes accruing as a consequence of the operation of the business by the owner, receiver and trustee are expenses of administration. They are not provable debts. 2 Rem. 231; McColgan v. Maier Brewing Company, 9 Cir., 134 F.2d 385; Ingels v. Boteler, 9 Cir., 100 F.2d 915.