Medardo Varela Padilla y su esposa Rafaela Negrón, y Medardo Varela Negrón, menor representado por su padre con patria potestad Medardo Varela Padilla, demandantes y apelantes, *v.* Ramón Fuentes Rolón, demandado y apelado.

Núm. 9949.—*Sometido:* Enero 16, 1950. *Resuelto:* Febrero 13, 1950.

*Víctor J. Vidal González, Marcos A. Ramírez* y *E. Rodríguez Otero,* abogados de los apelantes; *E. Martínez Rivera* y *Luis Blanco Lugo,* abogados del apelado.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

La acción de daños y perjuicios objeto del presente recurso fué originalmente radicada contra Ramón Fuentes Rolón, mas al morir éste trágicamente con anterioridad al juicio, se solicitó que su sucesión fuera sustituída en su lugar. El tribunal inferior así lo ordenó. El nervio de la acción es que allá para el 10 de julio de 1945 Fuentes Rolón era dueño de una finca rústica en el barrio Palos Blancos, de Corozal,

en la cual tenía establecida una vaquería; que en los instantes en que el menor Medardo Varela Negrón, hijo del demandante, quien a la sazón tan sólo contaba once años de edad, se dirigía de regreso al hogar de sus padres por un camino próximo a la indicada vaquería y sin que existiera contrato para realizar labor alguna, fué llamado por Fuentes y recibió órdenes de limpiar la boca de una máquina de picar yerba que éste utilizaba en su negocio, en momentos en que la máquina era movida por un motor y se encontraba atascada por la yerba ya picada; que el menor introdujo su brazo derecho en el sitio indicado, cercenándole las cuchillas de la máquina su brazo derecho por el tercio superior del antebrazo y sufriendo el niño allí y entonces otras lesiones y heridas; y que la causa próxima y directa del accidente lo fué la culpa, negligencia y falta de cuidado de Fuentes al ordenar al menor que realizara la indicada labor en momentos en que la máquina se hallaba caminando, constituyendo ésta de por sí "un peligro atrayente para cualquier menor".(¹)   La demanda también contiene una segunda causa de acción, en la cual se solicita una indemnización ascendente a $1,450 por las angustias y dolores físicos y morales sufridos por los padres del menor.

Contestada la demanda negando sus hechos esenciales y alegando como defensas especiales que ella no aduce hechos constitutivos de causa de acción y que el accidente se debió única y exclusivamente a la negligencia e imprudencia temeraria del menor, fué el pleito a juicio.   Celebrado éste la corte dictó sentencia declarando sin lugar la demanda en todas sus partes "sin especial imposición de costas."(²)

██ El demandante ha apelado de la sentencia así dictada y sostiene como primer motivo de su recurso que la corte

---

(¹)La alegación del peligro atrayente ha sido abandonada por el demandante.

(²)La condena en costas a la parte perdidosa era imperativa.   Véanse el artículo 327 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 94 de 11 de mayo de 1937 (Leyes de 1936–37, pág. 239), así como *Sánchez v. Cooperativa Azucarera*, 66 D.P.R. 346, 353; y *Colón v. Asociación Cooperativa*, 67 D.P.R. 271.

inferior erró al no dar cumplimiento a la Regla 52(a) de las de Enjuiciamiento Civil. Provee esta Regla en lo pertinente que "En todos los casos la corte expondrá los hechos que estime probados y separadamente consignará sus conclusiones de derecho y ordenará que se anote la sentencia correspondiente." No cometió la corte inferior el error imputádole. En su "Relación de Hechos y Opinión" ella se expresó así:

"La demanda en este caso está alegando la doctrina del peligro atrayente. La prueba ha demostrado que el menor es un jovencito de inteligencia corriente, que estaba en la escuela y que tenía 11 años de edad al ocurrir el accidente. Se ha demostrado que el sitio donde estaba la máquina es una finca de dominio privado de los demandados y que el niño fué allá sin necesidad alguna. La máquina de cortar yerba era movida por un motor y este niño tuvo que darse cuenta del peligro que existía cuando la máquina estaba en movimiento. No cree la Corte que el demandado Ramón Fuentes Rolón le indicara en forma alguna al niño que interviniera con la máquina.

". . . . . . . . .

"La Corte ha entendido por la prueba que el demandante metió su mano en la máquina de picar yerba sin que el demandado Ramón Fuentes Rolón le indicara que lo hiciera, pues creer lo contrario, sería entender que dicho Fuentes era un malvado.

"La Corte entiende, por el resultado de la prueba, que no puede invocarse en este caso la teoría del peligro atrayente, y que es de aplicación al presente caso lo resuelto por nuestra Corte Suprema en el caso de *Díaz* v. *Central Lafayette,* 66 D.P.R. 827."

Los requisitos de la aludida Regla han sido substancialmente cumplidos. Conforme indicamos en *Ramírez* v. *Corte,* 65 D.P.R. 351, el fin primordial de la Regla 52(a) "es poner a esta Corte Suprema en condiciones de poder determinar si las conclusiones de hecho y de derecho a que llegó la corte de distrito estuvieron justificadas o no. . . ." Véanse también *Meléndez* v. *Metro Taxicabs,* 68 D.P.R. 766, 769; 10 *Federal Rules Service,* 815; 4 *Federal Rules Service,* 936; *Woodruff* v. *Heiser,* 150 F.2d 869, 871; *Briggs* v. *United States,* 45 F.2d 479; 3 Moore's *Federal Practice,* 3119. Si bien la opinión de la corte inferior no contiene una relación separada de las conclusiones de hecho y de derecho a que

llegó, esa opinión es sin duda lo suficientemente abarcadora para demostrar con toda claridad cuáles fueron los hechos que la corte estimó probados y cuál era a su juicio la ley aplicable a los mismos. Bajo estas circunstancias es insostenible la alegación de que no se ha cumplido con la Regla 52(a).

No obstante lo anteriormente expuesto, parécenos muy conveniente repetir aquí lo que dijimos en *Meléndez* v. *Metro Taxicabs,* supra, a la página 769, a saber:

"Sería de considerable ayuda para nosotros si las cortes de distrito siguieran el método contemplado por las Reglas y empleado en las cortes federales de exponer por separado cada hecho probado y cada conclusión de derecho. Esto es particularmente cierto cuando, como en este caso, se reclaman dos partidas separadas de daños—lesiones físicas y angustias mentales. Véase *Díaz* v. *Cancel,* 61 D.P.R. 888, 898–99."

Los errores segundo y tercero pueden ser discutidos conjuntamente. Ellos constituyen en verdad una antinomia, ya que en el segundo se sostiene que la corte inferior erró "al renunciar a su obligación de apreciar la prueba" y en el tercero que "cometió manifiesto error la corte en la apreciación de la prueba."

De los párrafos ya reseñados de la opinión de la corte a quo se desprende con claridad meridiana la conclusión a que ella llegó respecto a los hechos sometídosle.

La prueba del demandante tendió en síntesis a demostrar que entre once y doce de la mañana del día 10 de julio de 1945 el menor hijo del demandante regresaba hacia su hogar por un camino que a manera de atrecho pasa cerca de la vaquería del causante de los demandados; que muy próxima al camino éste tenía funcionando una máquina de cortar yerba y que al atascársele dicha máquina, el referido causante llamó al menor y le pidió u ordenó que metiera su manita por el sitio donde salía la yerba luego de picada; que el menor así lo hizo con tan mala suerte que, por estar la máquina en funcionamiento, las cuchillas de ésta le amputaron el brazo derecho. La de los demandados fué al efecto de que el menor era un

transgresor y que su causante no tuvo conocimiento de tal hecho hasta que el niño dió un grito de dolor después de haberle cercenado el brazo la máquina de picar yerba.

La corte inferior no renunció a su obligación de aquilatar la prueba. Ella en verdad la apreció y concluyó que el accidente se debió exclusivamente a que "el demandante metió su mano en la máquina de picar yerba, sin que. . . Ramón Fuentes Rolón le indicara que lo hiciera."

Tan conocido es el principio de que en materia de apreciación de prueba este Tribunal no revocará la que haya hecho una corte inferior, a no ser que se le convenza de que al así hacerlo ella cometió manifiesto error o actuó movida por pasión, prejuicio o parcialidad, que casi huelga repetirlo aquí. *Rivera* v. *Casiano,* 68 D.P.R. 190, 198; *Latorre* v. *Cruz,* 67 D.P.R. 743, 752; *Jiménez* v. *Fletcher,* 67 D.P.R. 165, 168; *Torres* v. *Perea,* 66 D.P.R. 171, 175. Véanse asimismo la Regla 52(*a*), supra,(³) así como Moore's, obra citada, Suplemento de 1948, pág. 141; 2 *Federal Rules Service,* 474; *United States* v. *Aluminum Co. of America,* 148 F.2d 416, 433. Un examen de la transcripción de evidencia nos convence de que en los autos hay suficiente prueba para sostener las conclusiones de la corte sentenciadora.

Al discutir estos errores el apelante pone gran énfasis también en el hecho de que en el curso de su opinión la corte dijo que "el (menor) demandante metió su mano sin que el demandado Ramón Fuentes Rolón le indicara que lo hiciera, *pues creer lo contrario sería entender que dicho Fuentes era un malvado.* (Bastardillas nuestras.) Las palabras que hemos subrayado tal vez fueron innecesarias, pero la apelación se da contra la sentencia y no contra los razonamientos de la opinión. *Latorre* v. *Cruz,* supra, a la página 752; *Reyes* v. *Aponte,* 60 D.P.R. 890, 894.

*La sentencia apelada debe ser confirmada.*

(³)La Regla 52(*a*) en lo aquí pertinente provee que "Las conclusiones de hecho basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas y se tomará en cuenta la oportunidad de la corte sentenciadora para juzgar de la credibilidad de los testigos."