AMERICAN SURETY CO. y ÁNGEL MONZÓN, demandantes y apelados, *v.* RAMÓN IZQUIERDO y MARYLAND CASUALTY Co., demandados y apelantes.

#### Número 10752.

*Sometido:* 6 de marzo de 1953. *Resuelto:* 23 de julio de 1953.

*Charles R. Hartzell* (*F. Prieto Azúar*, en el alegato), abogado de los apelantes; *Emilio de Aldrey,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del tribunal.

En el antiguo Tribunal de Distrito de Puerto Rico, Sección de Bayamón, se presentó demanda por American Surety Co. contra Ramón Izquierdo y Maryland Casualty Co., alegando, entre otros particulares, que un camión perteneciente a Izquierdo, guiado por un empleado suyo, salió súbitamente de un callejón, chocando, por negligencia de dicho empleado, con un automóvil propiedad de Ángel Monzón y que éste conducía en ese momento por la carretera de Comerío a Bayamón; que el citado automóvil, asegurado con la demandante, sufrió daños como consecuencia del choque, y que la reparación de los mismos fué pagada por ella, la que se subrogó en los derechos y acciones de Monzón; que el día del accidente la codemandada Maryland Casualty Co., tenía expedida una póliza de seguro a favor del demandado Ramón Izquierdo cubriendo el riesgo de responsabilidad pública para responder de los daños y perjuicios que pudiera ocasionar el camión. En dicha demanda se solicitó sentencia condenando a los demandados a pagar a la demandante lo que había satisfecho

por la reparación del vehículo de Monzón, más las costas y honorarios de abogado.

Contestaron los demandados, negando las alegaciones esenciales de la demanda, y alegando, por vía de defensas especiales que: (1) La demanda no aduce hechos constitutivos de causa de acción; (2) De haber ocurrido el accidente, éste se debió exclusivamente a la negligencia de Ángel Monzón; (3) En el supuesto de haber ocurrido el accidente y de no ser atribuíble a la negligencia exclusiva de Monzón, dicho accidente se debió a su negligencia contributoria, o a lo sumo, a un hecho casual, inevitable o fortuito.

En su oportunidad se procedió a juicio, y ambas partes presentaron prueba. El tribunal a quo dictó sentencia condenando a los demandados a pagar a la demandante la suma de $947.05, las costas y $200 para honorarios de abogados. Contra dicha sentencia interpusieron los demandados el presente recurso de apelación. Sostienen que debemos revocarla por considerar que dicho tribunal erró, (1) al no hacer conclusiones de hecho y de derecho por separado, según lo requiere la Regla 52(a) de las de Enjuiciamiento Civil, (2) al admitir en evidencia el endoso de una póliza, siendo la póliza la mejor evidencia, (3) al declarar con lugar la demanda "cuando de la prueba de la demandante-apelada surge la negligencia, o la negligencia contributoria del asegurado en cuyos derechos se subrogó", (4) al no aplicar a los hechos del litigio la "doctrina de la última oportunidad". .

██ ██ Discutiremos el primer señalamiento de error. El tribunal a quo basó la sentencia apelada en una "Relación de Hechos y Opinión" de la que, eliminando el resumen que en ella se hace de las alegaciones de la demanda y de la contestación, la referencia a la fecha en que fuera celebrado el juicio y a que las partes presentaron prueba, y el pronunciamiento sobre la sentencia que debía dictarse, sólo queda lo siguiente:

"La prueba aducida por ambas partes es contradictoria pero el tribunal estima que la misma ha demostrado a su satisfac-

ción que el día 29 de mayo de 1949 como a eso de las cinco de la tarde, Ángel Monzón conducía su automóvil Pontiac número 61–913 por la carretera insular que del pueblo de Comerío conduce a Bayamón y al acercarse al kilómetro cuatro de tal carretera salió súbitamente de un callejón transversal que desemboca en la aludida carretera el truck Dodge número H 45–352 propiedad de Ramón Izquierdo y conducido por Roberto Miranda Rivera, quien en ese momento actuaba como empleado de Ramón Izquierdo en el curso de sus deberes como tal empleado, produciéndose así la colisión de los dos vehículos. Es indudable que la persona que conduce un automóvil por una carretera insular tiene derecho a esperar que un camión conducido por un chófer por un camino vecinal o callejón no va a desembocar a tal carretera precipitándose a ésta en el preciso momento en que va cruzando por ahí un automóvil.

"La prueba ha demostrado que el automóvil Pontiac de Ángel Monzón sufrió daños cuya reparación costó la suma de $947.05 que la demandante American Surety Co., tuvo que satisfacer a Ángel Monzón por tener éste asegurado, bajo póliza de seguro cubriendo el riesgo de colisión, con la demandante. La negligencia en este caso fué de parte del conductor del truck Roberto Miranda Rivera, quien actuaba como empleado del demandado Ramón Izquierdo en el curso de sus funciones y deberes como tal empleado. La demandada Maryland Casualty Co., en la fecha del accidente tenía asegurado el truck de Izquierdo cubriendo el riesgo de responsabilidad pública para responder de los daños y perjuicios que pudiera ocasionar el vehículo."

La Regla 52 (a) de las de Enjuiciamiento Civil, que sirve de base a este señalamiento, dispone que "En todos los casos la corte expondrá los hechos que estime probados y separadamente consignará sus conclusiones de derecho y ordenará que se anote la sentencia correspondiente". Lo que exige la citada regla y la forma en que debe darse cumplimiento satisfactorio a sus disposiciones, aparece expuesto claramente en el siguiente párrafo de nuestra opinión en *Meléndez* v. *Metro Taxicabs*, 68 D.P.R. 766:

"Sin embargo, si bien en este caso específico, no revocamos la sentencia apelada por haberse dejado de cumplir con la Regla 52 (a), creemos propio indicarle a las cortes de distrito

que esta Regla les exige que abandonen su antigua práctica de redactar una 'Relación del Caso y Opinión' en la cual en forma narrativa continua se exponen la síntesis de la prueba, el razonamiento de la corte, los hechos probados y las conclusiones de derecho. La Regla 52(a) contempla una declaración separada en un párrafo aparte de cada hecho intermedio y definitivo (*underlying and ultimate*) que la corte declare probado, y no una síntesis de la prueba aducida para establecer estos hechos. A esta declaración de hechos probados debe seguir una declaración separada en párrafo aparte de cada conclusión de derecho. Finalmente, si bien la Regla 52(a) no lo exige, si la corte de distrito así lo desea, puede exponer en una opinión su razonamiento demostrativo de que la aplicación de sus conclusiones de derecho a los hechos probados hace imperativo dictar determinada sentencia. Todo esto es práctica corriente en las cortes federales bajo la Regla Federal 52(a) que, en cuanto a lo que ahora consideramos, es sustancialmente igual a la nuestra. Véanse *Woodruff* v. *Heiser,* 150 F.2d 869, 871 (C.C.A. 10, 1945); *Woodruff* v. *Heiser,* 150 F.2d 873, 875 (C.C.A. 10, 1945); *United States* v. *Forness,* 125 F.2d 928, 942–43 (C.C.A. 2, 1942); *Commentary, Form and Scope of Findings of Fact,* 5 Fed. Rules Serv. 839."

Como se habrá visto, en el caso de autos, los apelantes contestaron la demanda alegando entre otros particulares que de "no ser atribuíble el accidente . . . y que en el supuesto de su ocurrencia, a la negligencia exclusiva de Ángel Monzón, el mismo se debió a su negligencia contributoria . . . .". No obstante, en la "Relación de Hechos y Opinión" en que se fundó la sentencia apelada, el tribunal a quo no formuló conclusión alguna de hecho o de derecho con relación a la defensa de negligencia contribuyente. Los hechos constitutivos de negligencia que consideró probados dicho tribunal, no excluyen la posibilidad de que Ángel Monzón pudiera haber contribuído al accidente que dió origen al litigio y, dada la ausencia de conclusiones en cuanto a la defensa de negligencia contributoria, procede que actuemos al igual que lo hicimos en *Darder* v. *Bayamón Truck Service,* 72 D.P.R. 77, en el que dejamos sin efecto una sentencia del Tribunal de Distrito, Sección de Arecibo y devolvimos el caso

para que se cumpliera con la Regla 52(*a*), porque habiéndose planteado una defensa de ese mismo carácter, el tribunal no expuso conclusión alguna con relación a la misma.

En vista de la anterior conclusión, es innecesario discutir los otros señalamientos.

*Se deja sin efecto la sentencia y devuelve el caso para que el Tribunal Superior, Sala de Bayamón, dé cumplimiento a la Regla 52(a), dictando aquella que proceda.*

El Juez Asociado Sr. Ortiz no intervino.